(55 South. 666.)

No. 18,430.

PRAY v. PRAY.

(June 5, 1911. Rehearing Denied June 26, 1911.)

*(Syllabus by the Court.)*

1. MARRIAGE (§ 58*)—ANNULMENT—DURESS.

In order to have a marriage annulled because one of the parties contracted it through fear, it must be clearly shown that his will was destroyed by his fear.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 115–123; Dec. Dig. § 58.*]

2. MARRIAGE (§ 58*)—ANNULMENT.

One who marries to escape prosecution arising out of illicit relations with a woman cannot have the marriage annulled on the ground that he contracted the marriage through fear, as that is not such fear as invalidates a marriage.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 115–123; Dec. Dig. § 58.*]

*(Additional Syllabus by Editorial Staff.)*

3. WORDS AND PHRASES—"INTIMIDATION."

"Intimidation," as relates to law, has a definite meaning, and consists in putting a person in fear in some way.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, p. 3734.]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Action by Otis R. Pray against Marie Bertha Pray. Judgment for defendant, and plaintiff appeals. Affirmed.

T. Arthur Edwards, for appellant. Williams & Williams, for appellee.

BREAUX, C. J. Plaintiff charges that defendant, aided by her brother, compelled him to marry her, and that they accused him of having had illicit intercourse with defendant, before the marriage, although she was under the age of 18 years at the time.

A serious charge, particularly, if she was under 18 years.

But the plaintiff's contention is that she was over 21 years, which puts a different phase on the case.

He alleges: That her brother, Clarence when he made the affidavit knew that she was over 21 years of age, having been born on November 3, 1887.

That, at the instance of defendant and her brother, he was arrested and incarcerated and compelled to remain in jail two or three days; he could not furnish bond.

That, in order to obtain his release, he married the defendant.

That he feared her brother (who, we will here state, is a youth, and the evidence does not lead us to infer that he was inclined to destroy or hurt any one).

The defendant, on the other hand, denies that she caused the arrest of plaintiff. She avers: That she had naught to do with his arrest.

That a child was born a few days before the marriage, the issue of the illicit intercourse between her and the plaintiff.

That she is a cripple and had not enjoyed good health for some time.

That, while he was free to do as he pleased, the plaintiff came to her bedside, and, when asked if he was willing to marry her, replied that he was, and the marriage was solemnized in the presence of a duly authorized officer. That no force or violence was resorted to.

That, despite his promise, he deserted her immediately after the marriage and has remained away since.

That the proposal regarding the marriage

came from the father of the young man (the plaintiff). That he went to the jail and said to his son that he ought to marry the respondent.

To this the son offered no objection.

There was nothing mentioned about threats or anything done to inspire fright.

There were foolish remarks made by the young brother (Clarence), which no one seems to have taken seriously.

After this young brother had taken advice from an elderly man in whom he had confidence, he appeared before a magistrate and made an affidavit against plaintiff, charging him with the crime before stated.

He gave the age of his sister (in regard to which he swears he was not well informed) as less than 18 years.

Taking this affidavit as a basis for prosecution, the district attorney filed an information.

It may be that the purpose of plaintiff was to avoid the trouble and annoyance of a criminal prosecution.

No promise was made to him by any one that if he married the girl the prosecution would be abandoned.

There was nothing really hostile on the part of the girl or of her brother.

Of course, they were distressed about it; felt highly indignant. Human nature will assert itself among the humblest.

Plaintiff was released upon his own recognizance. After his release, he, as before stated, voluntarily repaired to defendant's home and was married, after having promised that he would remain with his wife and support the child.

He did neither, although he has never asserted that he is not the father of the child.

There is an independent fact which is decidedly pertinent.

Before the marriage, he and the mother (the defendant), in an act drawn in due form, as we understand, as testified to (for the act has been destroyed since by the burning of the courthouse), solemnly acknowledged the child.

[3] "Intimidation," as relates to law, has a definite meaning. It consists in putting a person in fear in some way.

As there was no fear or occasion for fear, there was no intimidation.

Everything indicates that it was the purpose to marry the girl whom he had wronged.

He had a right of selection between repairing the wrong, if he had committed a wrong; or of standing his trial, if he had not committed a wrong.

He is bound by his free and voluntary act in marrying the defendant.

The judge of the district court thought that there was no ground to annul and set aside the marriage.

We have arrived at the same conclusion.

For reasons assigned, the judgment is affirmed.