143 So. 45

## GRUNDMEYER v. SANDER.

No. 31394.

June 20, 1932.

Walter S. Lewis, of New Orleans, for appellant.

Daniel A. McGovern, Jr., of New Orleans, for appellee.

ST. PAUL, J.

This is an action to annul a marriage on the ground that "the marriage was entered into by petitioner, not of his own free will, but through fear of his life, because of threats on the part of his said wife's father and two brothers, who took him bodily and told him that they would kill him if he refused to marry the defendant at once." The answer of the defendant raises the general issue.

There was judgment below for plaintiff, and defendant appeals.

It would serve no useful purpose to go into the salacious details of the evidence. Suffice it to say that the defendant tells a wholly imaginary and utterly incredible story of repeated forcible assaults upon her by plaintiff on the occasion of their very first meeting; all in the early evening on lighted streets and in public places; and then of a quiet return together to her home, where he sat with her and peacefully slumbered on her bosom, until she slipped away and fled to his home to give the alarm.

It is true that defendant slipped away whilst she and plaintiff sat together in the

swing on the front porch of her home. It is true she went to his home, where she told her story. But it is not true that he was slumbering on her breast when she did so. The district judge says, in substance: "The (defendant's) mother said she came out and found the young man sitting in the swing alone, and asked where the girl was, and the boy answered that she had gone into the house; so a search was made but she was not found. * * * A great hullabaloo took place. It was now getting late in to the night and there came a call for the police to assist in the search for the missing girl. The police came, and then came the male relatives of the girl, and the story was told of her ruin. * * * There is no doubt that great indignation existed and it is perfectly plain that the boy was in a state of terror. He was carried to a police station, where he was told that twenty years at hard labor in the penitentiary was staring him in the face unless he married the girl; and the boy became panic-stricken by this being sprung upon him about midnight * * * like the bursting of a bombshell * * * and in the time that the earth revolved from eleven o'clock into midnight, they had him down before one of those marrying Justices of the Peace and had put him through a form of marriage. * * * The girl then went to the house of the boy's mother and was put to bed with one of the young women in the house; and the boy sat in a swing all night long." And they never afterwards lived together.

With these findings of fact of the district judge we fully agree. There is some conflict of testimony as to whether plaintiff was actually threatened with bodily harm. There is no conflict whatever that he was threat-ened with prosecution based on the story told by the defendant; and we have said what that story was. Defendant's counsel says her relatives "had probable cause to arrest the plaintiff and acted in entire good faith. The most that plaintiff can say is that he married the defendant to avoid being tried for carnal knowledge"—citing R. C. C. art. 1856, and Pray v. Pray, 128 La. 1038, 55 So. 666.

But there was not, and could not be, any case of carnal knowledge, since defendant had at all times stoutly denied that she had ever consented. And granting that defendant's relatives acted in good faith and thought they had probable cause, the fact remains that they were misled into that belief by the false and untrue representations of the defendant herself; and as to her there was a clear misuse of the mere forms of law to cover coercive proceedings; so that plaintiff's consent to the marriage given under the threat of such proceedings was not such consent freely given as is required for a valid marriage. R. C. C. arts. 91, 1857; Lacoste v. Guidroz, 47 La. Ann. 295, 16 So. 836.

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.