## STATE v. JONAH DAVIS.

*Abandonment of Wife and Child—Statute of Limitations—Duress.*

1. Where one abandons his wife and child in August, 1873, an indict-ment found against him in November, 1877, under Bat. Rev. ch. 32, §§ 119, 120, is barred by the statute of limitations, though the sepa-ration be continued up to that time.

2. If a warrant be issued against the husband and father in September, 1877, for such abandonment, and, upon the trial of the same, he agrees to support the wife and child, and does so for two weeks, but thereafter fails to comply with his engagement, such failure con-stitutes a fresh abandonment, and will sustain an indictment found in November, 1877.

3. Duress can not be predicated of compulsion to discharge a legal duty.

(See *State* v. *Dunston*, 78 N. C. 418.)

INDICTMENT for a Misdemeanor under Bat. Rev., ch. 32, §§ 119, 120, tried at January Term, 1878, of WAKE Criminal Court, before *Strong, J.*

The defendant was charged with wilful abandonment of his wife Laura without having provided adequate support for her and a child which he had begotten upon her. The indictment was found at November Term, 1877. It was ad-mitted that the defendant and his wife were married on the 28th of April, 1873, and lived together until August of that year, when he abandoned her. It was in evidence that on account of said abandonment, a warrant was issued against the defendant on the 21st of September, 1877, and upon the trial of the same, his wife offered to live with him if he would support her and her child, which offer he declined; but an arrangement was made between them that he should pay her a certain sum per week for her support, which sum was paid for two consecutive weeks, and then the defendant refused to contribute any further to her support. The de-fendant introduced in evidence the record of an action for

breach of promise of marriage and seduction, brought by said Laura against him; and there was also evidence tending to show that he was under arrest (by virtue of an order made in said action) at the time the marriage was solemnized; and the defendant proposed to prove his declarations in the absence of said Laura, for the purpose of showing that said marriage was contracted under duress. This evidence was objected to by the State, and ruled out by the Court.

The defendant's counsel asked the Court to charge the jury that the abandonment having taken place in 1873, was barred by the statute of limitations. His Honor assented to this proposition, but said, that if the jury should find from the evidence that in 1877 the said Laura had offered to live with defendant as his wife, if he would support her, and that he declined to do so, and that the said arrangement for her support was not complied with by defendant as aforesaid, that these facts would constitute a new abandonment which would not be barred by the statute. The jury returned a verdict of guilty. Judgment. Appeal by defendant.

*Attorney General* and *D. G. Fowle*, for the State.
*Messrs. T. R. Purnell* and *Armistead Jones*, for the defendant.

READE, J. We are of the same opinion with His Honor in all his rulings, only one of which requires any elaboration. It is the act of abandonment and failure to support, that constitute the offence. The first offence was in 1873 and is barred by the statute of limitations. It is not a continuing offence by reason of the continued separation; so that the question is whether there was a second offence in the latter part of the year 1877. The parties were together treating as to what should be their future relations. The wife pro-

posed a complete restoration of their marriage relations which the husband declined, but he agreed to support her and did support her for two weeks, when he refused to support her any longer. Being already separated this refusal completed the second offence.

Much stress was laid by the defendant's counsel upon the duress under which the defendant was alleged to have contracted the marriage. But the duress was not made out. It is true he was sued by the feme for a breach of promise of marriage and seduction, and was under arrest, but the arrest was lawful. A promises to pay B a hundred dollars, and B sues him for a breach of promise and compels him to pay; that is *compulsion*, but is not *duress*. And his declaration that he did not want to comply was no evidence of duress.

No error.       Judgment affirmed.