STATE v. F. L. TONEY.

(Filed 13 May, 1913.)

**Husband and Wife—Nonsupport of Wife—Criminal Law—Interpretation of Statutes.**

In order to convict under an indictment for abandonment and nonsupport of the wife, it is essential to show a failure of the husband to provide an adequate support for his wife, as well as the act of abandonment; and in this case the evidence is held insufficient.

APPEAL by defendant from *Ferguson, J.,* at January Special Term, 1913, of RUTHERFORD.

Indictment for abandoment and nonsupport, under Revisal, sec. 3355.

The prosecutrix and the defendant were married in January, 1912, and kept house for three months, when the defendant told his wife that he was going away on a visit of a few days. He left with his trunk and remained away about a month. His wife went to her father's home and lived with him until she returned to her husband, who was then at Blacksburg, S. C. Defendant wrote to his wife about two weeks after he left, and sent her some money. He sent for her and she went to him in South Carolina, and they lived at Drayton, S. C., for two weeks. She then left him and returned to her father's home. She was not driven away by her husband, but left of her own accord. He told her if she wished to go, he would not object, but left it to her. When she left, he bought her a ticket, gave her $10, and accompanied her on her journey as far as Chesney, S. C., where she kissed him and they parted. They have been living apart ever since. He told her while they lived in South Carolina that he did not care any more for her than he did for any other respectable woman. He paid for her board and clothing while they were at Drayton, and when he left Caroleen, in this State, she received $23.50, and he sent her, before he left the State for Drayton, S. C., $22.50. The warrant was issued 15 June, 1912. Defendant offered to live with her, but she refused to do so. The court left the case to the jury upon the question

whether there had been an abandonment in this State and a failure to provide adequate support. Defendant was convicted, and appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Quinn, Hamrick & McRorie for defendant.*

WALKER, J., after stating the case: We have examined the record in this case very carefully, and have failed to find any evidence that defendant failed to provide his wife with adequate support, even if the evidence is sufficient to show an abandonment. The crime denounced by the statute consists of two elements: first, abandonment; second, failure to provide adequate support. If either is wanting, there is no criminal offense. This is clear; but it is also so decided in *S. v. May,* 132 N. C., 1020. The failure to establish this essential ingredient of the crime is fatal to the prosecution. It does not appear what was an adequate support for the wife, and, for all that does appear, she received from her husband all that was required to meet her expenses. There was evidence in the case that he supplied all of her wants and treated her kindly while they lived in South Carolina, and when she prepared to leave him, stating that she did not care to come back, he said to her that, if she stayed there with him, "he would do his best for her." He proved a good character by the State's witness, and there was no testimony tending to disparage him, except the bare circumstances of the case. A witness testified that, after she had left him and returned to her father's home and refused to come back and live with him, and after he was indicted, he heard defendant say that "he did not propose to live with an aggravating woman." This was not a very nice, but a very rude and indelicate speech. It was morally reprehensible, and the same may be said of his offensive remark to his wife in South Carolina. He is not, though, indicted for mere rudeness of speech or unseemly conduct, but for a violation of the criminal law, and what he thus said has no direct or material bearing upon the legal question involved. All things considered,

S. *v.* BLACK.

we conclude that the State failed in its proof as. to inadequacy of support, if not as to the abandonment. It may seriously be doubted if the facts, as now presented, bring this case within the intent and meaning of the statute. *Witty v. Barham,* 147 N. C., 479. But we may say more confidently, that defendant is not criminally liable in this State for any marital delinquency in South Carolina. If any offense was committed in that State, he can be made to answer only in her courts. Whether he can be successfully prosecuted there, is not a part of our inquiry. We are concerned only with the enforcement of our own laws, and, therefore, merely decide that there was no evidence of the charge in the indictment that defendant did not provide his wife with an adequate support. This point is sufficiently raised by the exceptions.

New trial.