## STATE v. ROBERT HANNON.

(Filed 9 December, 1914.)

1. **Abandonment—Indictment Found—Two Years—Renewal of Relationship.**
     The crime of willful abandonment by the husband of his wife is not a continuing offense, day by day, and where there has been a complete act of abandonment and no renewal of the marital association, the act must have occurred within two years next before indictment found.  Revisal, sec. 3355.

2. **Same—Evidence—Conviction.**
   '   Upon this trial for willful abandonment by the husband of his wife, the evidence on behalf of the State tended to show that the defendant abandoned his wife something over three years next before bill found, and while they had not lived together since, she had had a warrant issued for this offense within the two years, whereupon he went to see her in South Carolina, gave her $5 for her support and promised to come back here, get a house for her, and in pursuance of this promise she had the indictment withdrawn; that there were two children, both begotten by the defendant, the younger of which was not more than five months old.  *Held*, sufficient upon the question of a renewal of the marital obligation by the defendant within the two years to support a verdict of conviction.  Revisal, sec. 3355.

3. **Appeal and Error—Trials—Instructions—Record.**
     Objection that the court did not properly advert to the plaintiff's evidence upon a certain phase of this case under the principles declared in *S. v. Hopkins*, 130 N. C., 647, will not be considered on appeal, no special prayers for instruction thereon having been offered, and the charge of the court not appearing in full in the record so as to show that the court had not instructed properly thereon.

APPEAL by defendant from *Long, J.,* and a jury, at April Term, 1914, of POLK.

Indictment for abandonment under section 3355, Revisal.

Verdict, "Guilty."   Judgment, and defendant excepted and appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Spainhour & Mull for defendant.*

PER CURIAM.   It was urged for error, first, that the indictment should have been dismissed on his motion because there was no proof of abandonment within two years before bill found; second, that the court misdirected the jury as to a renewal of the marital association after the first act of abandonment and within the two years.

The decisions in this State are to the effect that the crime of willful abandonment is not a continuing offense, day by day, but if there has

been a complete act of abandonment and no renewal of the association, the act must have occurred within two years next before indictment found.

On that question there was evidence on the part of the State tending to show that the defendant abandoned his wife something over three years next before bill found, and they had not lived together since, but that they saw each other frequently in Polk County; prosecutrix, since the abandonment, being in Polk County part of the time and part of the time in South Carolina with her mother; that she had two children, one of them being a baby five months old, and that the defendant was the father of both children; that prosecutrix had a warrant issued for defendant for this offense in October of the preceding year and defendant came to her in South Carolina, where she then was, and gave her $5 for her support and told her he was going back home and get a house and send for witness, and she, pursuant to promise then made, wrote a note to the justice to withdraw the warrant; that defendant had failed to keep his promise to provide a home and had since failed to send for or live with witness or in any way contribute to her support.

Upon this testimony the court declined to dismiss the proceedings, and, among other things, charged the jury: "That while the charge was for abandonment, and the State had the burden of showing that the abandonment occurred within the two-year statutory period prior to the finding of the bill of indictment, yet if the jury should find from the evidence, and be satisfied beyond a reasonable doubt, that the defendant promised while in Spartanburg to come home and secure a house and send for his wife, which was within the statutory period, this in law amounted to a new promise to support, and if the jury should further find that he thereafter failed to provide and support his wife and refused to longer live with her, it would be their duty to return a verdict of guilty."

To the above instruction by the court to the jury the defendant excepted, and this constitutes the defendant's third exception.

The court further instructed the jury as follows: "That if they should find beyond a reasonable doubt from the evidence that the defendant had failed and refused to live with his wife and provide a support for her and their children, and that such abandonment was within the two-year period next prior to the finding of the bill of indictment, or if the jury should find beyond a reasonable doubt from the evidence that there was a new promise, whether the promise was made or renewed in South Carolina or not; and after such new promise, if the jury should further find that the defendant refused to live with and provide a support for his wife and child, the burden being on the State to satisfy the jury thereof beyond a reasonable doubt, then it would be the duty of the jury to return a verdict of guilty."

The charge of his Honor was proper, that the promise of renewal of association on the part of the husband and payment of $5 towards her support would amount to a renewal of the obligation, and on a subsequent failure and within the two years an indictment would lie. *S. v. Davis,* 79 N. C., 603. The position finds support in the fact that the testimony of the State tends to show the resumption of the marital association, prosecutrix having testified that the child, now at the breast and not more than five months old, was begotten by the defendant.

The objection that the evidence of the defendant tended to establish adultery on the part of the wife, and that his Honor did not properly advert to this position in his charge, under the principles declared in *S. v. Hopkins,* 130 N. C., 647, is not open to defendant on this appeal. There was no prayer for instruction for defendant to that effect, and the charge not being set out in full, there is nothing to show that his Honor did not adequately and correctly charge on this phase of the evidence.

There is

No error.