## STATE v. DAVID FAULKNER.

(Filed 7 March, 1923.)

**1. Abandonment—Husband and Wife—Statutes.**

The provisions of C. S., 4447, as to abandonment, applies to the abandonment by the husband of his wife before children born of the marriage, making it an indictable offense.

**2. Same—Marriage and Divorce—Defenses.**

Where the husband has been indicted, tried, and convicted for the criminal abandonment of his wife, C. S., 4447, and upon appeal he has been granted a new trial, the fact that since his former conviction his wife has obtained an absolute divorce from him will not avail him as a defense.

**3. Abandonment—Statutes—Enlargement of Powers.**

C. S., 4449, conferring upon the judge having jurisdiction of the offense of the husband abandoning his wife, etc., the power to provide for the support of the abandoned wife and children is in addition to the powers

conferred by the previous section (4447), and does not otherwise modify or interfere with its force and effect in making the abandonment of the wife a misdemeanor.

**4. Abandonment — Constitutional Law — Legislative Discretion—Misdemeanors—House of Correction—Imprisonment.**

Our Constitution, Art. II, sec. 4, making a person guilty of a misdemeanor punishable by commitment to houses of correction leaves this matter of establishing a house of correction discretionary with the legislative power, and a sentence may be imposed of imprisonment upon a husband convicted of abandonment under C. S., 4447, and other offenses of like kind, or to assign them to work on the roads during their term. C. S., 1359.

**5. Appeal and Error—Evidence—Hearsay—Subsequent Competency.**

The exclusion of hearsay evidence and the failure of the appellant to again offer it after the later introduction of evidence that might have rendered it competent, is not error.

APPEAL by defendant from *Horton, J.,* at October Term, 1922, of VANCE.

Indictment for willful abandonment of wife.

There had been a former conviction in the case at March Term, 1921, and judgment thereon having been set aside and a new trial ordered for prejudicial error, see *S. v. Falkner,* 182 N. C., 793, defendant, at the October term, as stated, was again put upon trial, convicted, and sentenced, and again appeals to this Court, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. H. Bridgers for defendant.*

HOKE, J. It appears from the evidence that at the time of the alleged indictment there were no living children of the marriage, and it is insisted for defendant that in such case no conviction under the statute can be sustained, but the question has been resolved against defendant's position in the recent case of *S. v. Bell,* 184 N. C., 701, wherein the Court held that the act (C. S., 4447) makes it an indictable offense for a man to abandon his wife or the children, and the exception is therefore overruled. And in several other cases convictions under this statute have been upheld wherein it appeared that there were no living children of the marriage. *S. v. Toney,* 162 N. C., 635; *S. v. Taylor,* 175 N. C., 833; *S. v. Beam,* 181 N. C., 597.

The defendant excepts further that the court overruled defendant's plea setting up a divorce had at the instance of the wife since the former trial of the cause, but the evidence as accepted by the jury established a completed criminal offense at and before the former trial in 1921, and

there is nothing in the statute, nor is there any principle of law, that gives to a divorce subsequently obtained any such effect as that claimed.

True, in the subsequent section (4449), the statute confers upon the judge having jurisdiction power to make such orders as he may consider necessary to provide for the support of an abandoned wife and children, but this is only an additional power conferred and resting in the discretion of the trial judge or recorder, and does not and was not intended to otherwise modify or interfere with the force and effect of the principal section, No. 4447, which constitutes the forbidden conduct a misdemeanor, as stated.

Again it is objected that under our Constitution, Art. II, sec. 4, persons guilty of a misdemeanor can only be punished by commitment to houses of correction, but a perusal of this provision will disclose that this method of dealing with convicted defendants is discretionary with the Legislature, and accordingly it has been directly held that for this and other offenses of like kind such defendants may be sentenced to imprisonment and assigned to work on the roads during their term. C. S., 1359, and *S. v. Weathers,* 98 N. C., 685.

The objection to the rulings of the court excluding certain evidence is without merit. At the time offered it was mere hearsay, and clearly incompetent, and the same was not again offered after the testimony of witnesses subsequently examined might have rendered the excluded evidence receivable in contradiction.

We find no error in the record, and the judgment on the verdict is affirmed.

No error.