### BESSIE F. RECTOR v. J. BAYLES RECTOR.

(Filed 12 December, 1923.)

1. **Divorce—Venue—Husband and Wife—Alimony Without Divorce—Statute.**

   When the acts and conduct of the husband make the wife's condition so intolerable and burdensome as to compel her to leave home and remain therefrom, and, after he has refused to contribute to her support, they eventually enter into a contract of separation, with an allowance to her of a certain sum of money to be periodically paid, and then the husband

breached his contract by refusal to pay, she may maintain her action in the county wherein she had been forced to reside by the conduct of her husband, under the provisions of C. S., secs. 1667, 1657.

2. **Same—Transfer of Causes—Removal of Causes—Motions—Procedure.**
Venue is not now a matter of jurisdiction of the courts, and when the suit has been brought in the wrong county, the defendant should therein move to have it transferred to the proper one, and failing therein he will lose his right thereto.

APPEAL by defendant from *McElroy, J.,* at November Term, 1923, of BUNCOMBE.

The plaintiff and defendant were married in 1906 and lived together until February, 1923. The plaintiff alleges in her complaint that the conduct of the defendant had rendered her condition intolerable and burdensome; and in February, 1923, while visiting friends in New Jersey, she became ill; the defendant was notified of her sickness and need of aid, but not only refused to give her the required aid, but sent to defendant her personal belongings and effects, and abandoned her; she returned to Greensboro in May, 1923, where defendant lived, but he refused to see or talk to her, and she thereupon went to her sister's home in Asheville, where she has ever since resided.

On 24 May, 1923, she went to Greensboro from Asheville, and while there articles of separation were prepared and executed, by which the defendant was to pay her $85 per month, subject to termination by death or divorce. Three of these monthly payments were made, beginning 24 May, 1923, but defendant refused to make payments due 24 August and thereafter, and this suit was instituted 24 November, 1923, for support and counsel fees.

At November Term, 1923, the defendant entered a special appearance and moved to dismiss the suit, and also to remove it to Guilford County. Both motions were denied, and defendant appealed.

*Mark W. Brown for plaintiff.*
*H. W. Cobb, Jr., Harkins & Van Winkle, and Roberson, Jerome & Haworth for defendant.*

CLARK, C. J. The plaintiff's right of action is based upon C. S., 1667, for alimony without divorce, which specifies that "the wife *may* institute an action in the Superior Court of the county in which the cause of action arose." C. S., 463, provides for actions to be tried where the property is situated; C. S., 464, sets forth certain causes of action which must be tried where the cause of action arose; and C. S., 465-468, provides for venue of certain other actions; but C. S., 469, provides that *"in all other cases* the action must be tried in the county in which plaintiffs or defendants reside at its commencement."

The word "may," as used in statutes, in its ordinary sense, is permissive and not mandatory. 20 A. & E. (2d Ed.), 237; 26 Cyc., 1590; Black on Statutes (2d Ed.), sec. 529. " 'May' is construed 'must' or 'shall' only where public rights or interests are concerned." 26 Cyc., 1592. *Johnston v. Pate,* 95 N. C., 70.

Suits for alimony without divorce are within the analogy of divorce laws. Bishop Marriage and Divorce, sec. 1412. Plaintiff can maintain an action for divorce in Buncombe. C. S., 1657. Formerly, an action for divorce had to be brought in the county where the husband resided and venue was jurisdictional. *Smith v. Morehead,* 59 N. C., 360.

The defendant having failed to pay the installments as provided under the agreement, the plaintiff can maintain this action. *Cram v. Cram,* 116 N. C., 288; *S. v. Beam,* 181 N. C., 597. A wife who is forced for any cause to leave her husband, as in this case, may acquire a separate domicile. *S. v. Beam, supra; Sneed v. Sneed,* 40 L. R. A. (N. S.), 99.

The Legislature cannot reasonably be supposed to intend that a wife who is forced to go elsewhere than her husband's domicile to obtain food and shelter must bring an action in the county where her husband resides, and which she was forced to leave, and which he could change at will. She had a right, even under the agreement, to live where she desired. The defendant was to furnish subsistence and support to his wife wherever she lived, which in this case was Buncombe County. Her means are limited, and the cause of action actually arose in Buncombe, for it is the duty of a debtor to make payment at the home of the creditor, and on failure to do so, the cause of action arose there.

Under the former system of pleading, venue was jurisdictional, and if an action was brought in the wrong county, the plaintiff was forced to go out of court and, with expense and loss of time, bring a new action in the proper county. This has been changed, under the more practical procedure of the present day; and even if the action is brought in the wrong county, it can, nevertheless, be tried there unless the defendant in apt time files a petition to remove. In like manner, under the former procedure, there were probably fifty or more forms of action, and if the plaintiff did not guess the right one, he had to go out of court and bring another and another until he could guess right. Under the former procedure, also, there was distinction between law and equity, and a man who happened to sue in the wrong forum—that is, if he should have brought his action at law, but sued in equity, or *vice versa*—he was dismissed and required to pay costs, and guess again. The Constitution abolished all distinctions in forms of action, and the distinction between law and equity and the statute in the spirit of the Constitution has also

made venue not jurisdictional, but simply a ground of removal. These changes have greatly simplified procedure in the courts and reduced the expenses of litigation.

C. S., 1667, having provided that the wife may bring an action for "alimony without divorce" in the county where the cause of action arose, the judge properly refused to remove it.

Affirmed.