SEMENAR MILLER v. W. S. MILLER.

(Filed 24 January, 1934.)

**Divorce D a: Venue A d—Wife may sue for alimony without divorce in county of her residence.**

> A wife who has been forced by her husband to leave his home at night and take refuge elsewhere may acquire a separate domicile, and may sue him for alimony without divorce in the county of her residence, and the husband is not entitled to removal to the county of his residence as a matter of right. C. S., 469, 1657, 1667.

STACY, C. J., concurs in result.

APPEAL by defendant from *Sink, J.,* at August-September Term, 1933, of GUILFORD.

The plaintiff brought suit in the municipal court of the city of High Point in Guilford County, under C. S., 1667, for alimony without divorce. The defendant moved for removal of the cause to Vance County for the alleged reason that both parties reside there. Evidence was offerd by each party and the clerk of the municipal court denied the motion. On appeal the judge of the municipal court found as a fact that the plaintiff is a resident of High Point in Guilford County and denied the motion for removal. An appeal was then taken to the Superior Court and Judge Sink affirmed the judgment. Whether his ruling is correct is the only question in the record. The defendant excepted and appealed.

*Garland B. Daniel for appellant.*
*Walser & Casey for appellee.*

ADAMS, J. It is alleged in the complaint that the defendant forced the plaintiff to leave his home at night and that she was compelled to take refuge in the home of a neighbor. Under these circumstances she could acquire a separate domicile. *Rector v. Rector,* 186 N. C., 618; *S. v. Beam,* 181 N. C., 597.

The venue of an action is a matter of statutory regulation. C. S., 463, *et seq.* Among these statutes section 469 is the only one which has direct bearing on the motion. It provides that "in all other cases" the action must be tried in the county in which the plaintiffs or the defendants, or any of them reside; and in section 1657 it is said that in all actions for divorce the summons shall be returnable to the court of the county in which either the plaintiff or the defendant resides. In a proceeding for alimony without divorce (C. S., 1667) "the wife may institute an action in the Superior Court of the county in which the cause of action arose";

but in *Rector v. Rector, supra,* the Court held that the word "may" is permissive and not mandatory. Sustaining an action brought by the wife in a county other than that of the husband's residence the Court said: "The Legislature cannot reasonably be supposed to intend that a wife who is forced to go elsewhere than her husband's domicile to obtain food and shelter must bring an action in the county where her husband resides, and which she was forced to leave, and which he could change at will. She had a right, even under the agreement, to live where she desired. The defendant was to furnish subsistence and support to his wife wherever she lived, which in this case was Buncombe County. Her means are limited, and the cause of action actually arose in Buncombe, for it is the duty of a debtor to make payment at the home of the creditor, and on failure to do so, the cause of action arose there."

Judgment
Affirmed.

STACY, C. J., concurs on the ground that the municipal court of the city of High Point, unless it be a court of general jurisdiction, has no authority to remove a cause to the Superior Court of any county other than Guilford. Chap. 699, Public-Local Laws, 1927; 27 R. C. L., 779; *Lewellyn v. Lewellyn,* 203 N. C., 575.

Speaking to the right of a municipal court to grant a change of venue in the absence of statutory authority, it was said in *Franken v. State,* 190 Wis., 424, 209 N. W., 766: "Proceedings for change of venue are statutory in their origin, and, where no statutory provision exists authorizing a change, the right thereto is nonexistent."

To like effect is the language of the Court *In re McFarland,* 223 Mo. App., 826, 12 S. W., (2d), 523: "The question is whether a change of venue may be taken from the juvenile court, which is a division of the circuit court, in a proceeding for the adoption of a minor child, pending before such juvenile court. It is fundamental that the right to a change of venue does not exist in this state except by statutory enactment. *Heather v. Palmyra,* 311 Mo., 32, 276 S. W., 872, *loc. cit.,* 875."

Similar holdings may be found in *Hale v. Barker,* 70 Utah, 284, 259 Pac., 928, and *Tucker v. State,* 35 Wyo., 430, 251 Pac., 460.

It is conceded that a court of general jurisdiction, such as our Superior Courts, may have inherent power, even in the absence of express statutory authority, to order a change of venue. *Crocker v. Justices,* 208 Mass., 162, 21 Ann. Cas., 1061, and note; 27 R. C. L., 810. And it may be contended that the municipal court of the city of High Point has such jurisdiction. Sec. 5, subsection (m), chap. 699, Public-Local Laws, 1927, provides:

"That the rules of practice as prescribed by law in the Superior Court for the trial of all causes shall apply to the High Point municipal court; . . . that wherever the statute provides for a thing to be done or a thing may be done in connection with the trial of an action in said court by the clerk of the Superior Court or by the judge of the Superior Court or by either, the same thing shall be performed by the clerk of the High Point municipal court or by the judge of the High Point municipal court, the clerk of said court, however, having no more powers and authorities with respect thereto than that as now given to clerks of the Superior Court."

Change of venue may be ordered by the Superior Courts in certain cases as provided by C. S., 469-470. All motions to remove as a matter of right are now made before the clerk. C. S., 913(a).

But without regard to the power of the court to order a change of venue, whether the plaintiff is in the proper court, while not now before us, may arise hereafter. C. S., 1667; *Hendrix v. R. R.*, 202 N. C., 579, 163 S. E., 752.