ELIZABETH DUDLEY v. F. E. DUDLEY.

(Filed 31 May, 1941.)

**Venue § 1a—**

> The provision of C. S., 1667, that a wife may institute action for alimony without divorce in the county in which the cause of action arose does not prescribe the exclusive venue, but the wife may institute the action in the county in which she resides at the commencement of the action, C. S., 469.

APPEAL by defendant from *Carr, J.,* at February Term, 1941, of ALAMANCE.

Civil action for alimony without divorce under C. S., 1667.

Plaintiff and defendant were married on 30 September, 1939, and lived together as husband and wife in the city of Wilson until 18 December, 1940, at which time, plaintiff alleges, she was forced to flee from the home of the defendant because of his cruel and barbarous treatment of her and to seek refuge as a matter of personal safety in the home of her brother in Alamance County, where she now resides.

This action was instituted in Alamance County on 15 January, 1941.

The defendant seeks to have the cause removed to Wilson County as a matter of right, for that, the cause of action arose there. Motion denied, and defendant appeals.

*J. Elmer Long and Clarence Ross for plaintiff, appellee.*
*W. A. Lucas for defendant, appellant.*

STACY, C. J. Plaintiff resides in Alamance County; the defendant in Wilson County. The action is for alimony without divorce under C. S., 1667. The question presented is one of venue.

The defendant says the cause of action arose in Wilson County and is to be tried there according to the clear terms of the statute giving the right. The plaintiff says the cause of action arose in Alamance County, and further that she now resides there.

In an action of this kind, *i.e.,* one for alimony without divorce, the statute provides that "the wife may institute an action in the Superior Court of the county in which the cause of action arose," but the venue, thus prescribed, is not exclusive, if either the plaintiff or the defendant reside in another county at the commencement of the action, C. S., 469.

Under the pertinent decisions it would seem that the motion was properly denied. *Rector v. Rector,* 186 N. C., 618, 120 S. E., 195; *Miller v. Miller,* 205 N. C., 753, 172 S. E., 493.

Affirmed.