FRED ENGLISH v. MOODY BRIGMAN, ERNEST SNELSON, FRED E. FREEMAN, E. Y. PONDER, ALVIN DOCKERY, AND J. ROBERT JOHNSON.

(Filed 26 March, 1947.)

**Venue § 4e—**

The judge of the Superior Court has inherent discretionary power to order a change of venue *ex mero motu* when, because of existing circumstances, a fair and impartial trial cannot be had in the· county in which the case is called for trial.

BARNHILL, J., concurring.

APPEAL by defendants from *Alley, J.,* at September Term, 1946, of HAYWOOD.

This is a civil action for damages resulting from the wrongful imprisonment of plaintiff, which he alleges was induced and procured through the conspiratorial acts and conduct of defendants.

The action was instituted in Madison County. Defendants moved to remove the cause to some other county for trial for that they could not obtain a fair and impartial trial in Madison County. When the motion came on to be heard the court, by and with the consent of the parties, entered an order removing the cause to Haywood County.

The case came on for trial at the September Term, 1946, in Haywood County Superior Court. After five days had been consumed in the trial the court found it necessary to withdraw a juror and order a mistrial. The court thereupon found certain facts, concluded that a fair and impartial trial could not be had in Haywood County, and, *ex mero motu,* ordered the cause transferred to Macon County for trial. Defendants excepted and appealed.

*Roberts & Baley and Jones & Ward for plaintiff, appellee.*

*Foy C. Francis, John M. Queen, and J. W. Haynes for defendants, appellants.*

SCHENCK, J. This appeal poses but one question, namely: Did the judge of the Superior Court on his own motion, in his own discretion and in the furtherance of justice, have the authority to transfer the case from Haywood to Macon County?

We are of opinion and so hold that the answer is in the affirmative. When the judge of the Superior Court is confronted with a state of facts, as was his Honor, Judge Alley, we think the court had the inherent power *ex mero motu* to order a change of venue.

". . . according to the weight of authority a court in a criminal case has inherent power, even in the absence of express statutory authority,

to order a change in a place of trial from one county to another if and when satisfied that a fair and impartial trial cannot be had within the county where the venue is laid in the indictment. Such power existed at common law, and, therefore, unless specifically denied by statute, still adheres in the courts of the country. . . . The authority to change the venue of civil cases under appropriate circumstances seems also to have existed at common law and to have become a part of our judicial system." 27 R. C. L., sec. 30, p. 810. See also opinion of *Stacy, C. J.,* in concurring opinion in *Miller v. Miller,* 205 N. C., 753, 172 S. E., 493, in which he states: "It is conceded that a court of general jurisdiction such as our Superior Courts may have inherent power, even in the absence of express statutory authority, to order a change of venue," citing *Crocker v. Justices,* 208 Mass., 162, 21 Ann. Cas., 1061, and Note.

The judgment below is

Affirmed.

BARNHILL, J., concurring: While the complaint is filled with "wickedly," "maliciously," "unlawfully," "confederate," "conspire," "conspirators," "conspiracy," and other evil-sounding words, this case comes to this: The judge, in an action in which plaintiff had made a general appearance, issued an order restraining plaintiff from acting as substitute clerk of the Superior Court of Madison County. Plaintiff, considering the order void, ignored it. He was cited for contempt. After hearing he was adjudged in contempt and imprisoned. Thereafter, on motion of defendants here, plaintiffs in that action, a voluntary judgment of nonsuit was entered, and so plaintiff did not prosecute his appeal from the order of Nettles, J. He was released from jail on verbal order of Nettles, J. Now he seeks to hold defendants liable in damages for his incarceration under order of the judge, without any allegation of perjury or fraud or deception practiced upon the judge by means of which he was induced to enter the order of imprisonment.

So then, it is apparent the complaint fails to state a cause of action. The only thing which needs to be heard is a demurrer, *Williams v. McRackan,* 186 N. C., 381, 119 S. E., 746. It makes very little difference which county shall be the scene of that hearing. Hence the order of the judge removing the cause to Macon County, even if erroneous—and it is not—has not materially prejudiced defendants.