No. 16,649.

Styles *v.* De Angelis et al.

(235 P. [2d] 357)

Decided July 23, 1951.   Rehearing denied August 27, 1951.

Per Curriam.

Judgment affirmed en banc without written opinion.

Mr. Justice Holland and Mr. Justice Moore dissent.

Mr. Stevens Park Kinney, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. H. Lawrence Hinckley, Deputy, Mr. Frank A. Wachob, Assistant, for defendants in error.

On Petition for Rehearing.

Mr. Justice Holland dissenting.

A request for extradition was predicated on a copy of an indictment by grand jury of Portage, Ohio, charging petitioner with, (1) abandoning a pregnant woman and (2) nonsupport, and unlawfully committing acts in the State of Colorado, intentionally and wilfully, resulting in abandoning a pregnant woman, and for nonsupport of a minor child. Hearing before the Governor of Colorado was had on February 20, 1951, at which time the Governor refused to consider the nonsupport charge, but

issued his warrant on the charge of the abandonment of a pregnant woman. On February 23, petitioner applied for a writ of habeas corpus in the district court of the City and County of Denver. Upon hearing, the court denied the request and petitioner sought review by this court on his application for supersedeas. On July 23, 1951, the judgment of the district court was affirmed without written opinion, and a petition for rehearing was filed July 27, which, in my opinion, should be granted.

Petitioner has been a gainfully employed citizen of this state since April 21, 1949 and is now subjected to extradition as a fugitive from justice from the state of Ohio. The finding of the Governor of Colorado that petitioner is a fugitive from justice is not conclusive and from the evidence produced before the trial court, all circumstances considered, it is my opinion that petitioner is not a fugitive from justice. There appears to be no irregularity in the extradition papers forwarded to this, the asylum state, and the only question now considered is whether or not petitioner was, and is, a fugitive from justice.

The statute, section 13009 of the General Code of Ohio, under which the indictment was laid is as follows:

"Whoever, being the father of a legitimate child under sixteen years of age, or, being the husband of a pregnant woman, leaves, *with intent to abandon,* such child or pregnant woman, shall be imprisoned in a jail or workhouse at hard labor not less than six months nor more than one year, or in the penitentiary not less than one year nor more than three years." (Emphasis supplied.)

Under the ruling of this court in the case of *Wigchert v. Lockhart,* 114 Colo. 485, 166 P. (2d) 988, the Governor of Colorado refused to consider the nonsupport charge contained in the indictment on the premise at the time of the commission of the alleged crime in the demanding state, the petitioner was not bodily present and incurred no guilt therein, and, therefore, not a fugitive from justice so far as the nonsupport charge is involved.

The impelling reason for this dissent is that it clearly appears to me as an attempt to do indirectly that which cannot be done directly, that is, to return petitioner to Ohio and to prosecute him for nonsupport of a child which may be of questionable paternity. It is admitted that he cannot be extradited as a fugitive from justice for the nonsupport of the minor child. This child is the result of the pregnancy upon which the first indictment is laid, that of the abandonment of a pregnant wife. "Abandonment" is not a continuing offense, but the duty of support is a continuing duty. *State v. Beam,* 181 N.C. 597, 107 S.E. 429. There can be no abandonment of a spouse when there is a lawful cause for leaving.

Briefly stated, the facts in the case as disclosed by the record are: That petitioner was married to Mary Ann Styles at Kent, Ohio, November 5, 1947; that a child was born of the marriage August 19, 1949; that on April 18, 1949, petitioner left their home at Brady Lake, Ohio, and arrived in Denver April 21, 1949, where he has been gainfully employed ever since. There is substantial showing that during all of their married life, he made an effort to support his wife, having various jobs. It is further clear from the evidence that there had been marital trouble due to his wife keeping company with other men; further, that she had made attempts at abortion; that petitioner was ordered to leave the home that he was occupying with his wife at the time he came to the home of his brother in Denver; that after coming to Denver he took out life insurance in her favor as beneficiary.

In the request for requisition, it is stated as one of the charges, that petitioner *unlawfully committed acts in the state of Colorado, intentionally and willfully resulting in abandoning a pregnant woman.* If the acts were admittedly committed in Colorado, then it is not an extraditable offense by not having been committed in Ohio.

The record shows that his wife appeared before the grand jury on September 14, 1949 and an indictment

returned. Nothing was done about this indictment until February 20, 1951.

On January 16, 1951, the prosecuting attorney of Portage county, Ohio, filed an indictment charging nonsupport of the minor child.

The only evidence in the case is to the effect that petitioner came to Colorado with the intention of finding a home and starting all over again with his wife. It is true he made no showing that he carried out that intention, but did, a year and a half after arriving in Denver, and on December 6, 1950, file an action for divorce against his wife on the grounds of extreme and repeated acts of cruelty. She was personally served with summons and a copy of the complaint by the sheriff of Portage county, Ohio. She made no appearance, but in response to a letter from Mary Seach, attorney appointed by the court to represent her, she stated she did not care to contest the action for divorce.

The files in the divorce action, entitled Bert Styles v. Mary Ann Styles, No. A-74397 in the district court in the City and County of Denver, were tendered in evidence on the habeas corpus hearing, and the court stated that it took judicial notice of its own files, and the files were returned to the office of the clerk of the district court. This file was not made, or offered, as a part of the record here, but the writer of this dissent made a request for the file and ascertained therefrom that defendant, being the complaining witness in Ohio, was personally served with a copy of the summons and the complaint in the divorce matter and the interlocutory decree was granted this petitioner on the grounds of extreme and repeated acts of cruelty.

I cannot see where a crime was committed even under the law of the state of Ohio under these circumstances, besides, upon full notice to his wife, he was granted an interlocutory decree of divorce finding her guilty of extreme and repeated acts of cruelty, which acts, unchallenged, constitute what otherwise might be termed de-

sertion or abandonment. Testimony shows that on the day of his leaving Ohio, he was living with his wife at the house of his wife's parents, which he was ordered to leave and his wife refused to leave or go with him. There may be something to the claim that she abandoned him under those circumstances.

When it appears that a court of competent jurisdiction in Colorado has determined that petitioner should be free of his marital relations on the grounds of cruelty on the part of his wife, and that decree entered prior to any attempt to extradite him for abandonment of his wife, frees the petitioner of an indictable offense. I think the cases hold that abandonment, used interchangeably with desertion, must include a wilful leaving of the spouse without cause, by the other spouse.

If petitioner is returned to Ohio, he will then be subjected to a prosecution for nonsupport, a crime for which he could not be extradited. When he had sufficient reason, as has been determined by a court of our state with competent jurisdiction, to terminate the marital relation, all of which occurred prior to the date on which he left Ohio, then it is impossible for me to reconcile myself to the thought that he fled the state of Ohio to escape punishment. The fact, not here disputed, that petitioner was ordered to leave the home of his wife's parents and she would not accompany him, and that within three days he came to the home of his brother in Denver, Colorado, is not a prima facie case of flight sufficient to warrant an order of arrest. He surely displayed no haste in attempting to free himself of any obligation by obtaining a divorce. He waited approximately six months beyond the date of an established residence here before applying for a divorce. The only theory under which any law making it a crime to abandon a pregnant woman is grounded upon that of failure to support her while in that delicate condition and further, support the child that may be born of that pregnancy. If the petitioner is now guilty of any crime, it is that of nonsupport, which he did not

commit in Ohio. If the child is his legitimate child, he has a duty to support it, but he should not be subjected to a prosecution and possible penitentiary confinement for abandonment under these circumstances.

For the reasons herein stated, I think a rehearing should be granted and this entire matter thoroughly presented.

MR. JUSTICE MOORE concurs in this opinion.