## NANCY G. ROBBINS v. H. E. ROBBINS.

(Filed 11 November, 1964.)

**1. Divorce and Alimony § 1—**

The wife may institute action under G.S. 50-16 in the county in which they were living at the time of the husband's alleged abandonment.

**2. Divorce and Alimony § 22—**

The Superior Court has jurisdiction to award the custody of a child of the marriage in an action for divorce, G.S. 50-16, when no writ of *habeas*

*corpus* is filed prior to said pleadings and motion in the divorce action for the custody of such child.

APPEAL by defendant from *Martin, S. J.,* 27 July 1964 Civil Session of WAKE.

This is a civil action instituted by the plaintiff on 29 May 1964, pursuant to the provisions of G.S. 50-16, for subsistence, attorney fees, and custody of the minor child born of the marriage between the plaintiff and defendant.

Plaintiff and defendant were married on 24 November 1960. Of this union one child was born on 4 May 1962.

In November 1963 the plaintiff and the defendant became reconciled after a period of separation. They lived together as husband and wife in Wake County, North Carolina, until 27 May 1964, when the defendant moved out of the home of plaintiff and defendant in Wake County and moved into the home of his mother in New Bern, North Carolina, at which time he took the minor child with him along with certain personal property. The evidence tends to show that the defendant did not intend to return to his home in Wake County.

On Tuesday, 26 May 1964, the plaintiff left Raleigh on a bus, around 12:30 a.m., to visit her grandmother in Asheville, North Carolina, who had suffered a heart attack. Before leaving, plaintiff told the defendant that she would return in two or three days. The plaintiff and the defendant placed the child, Harry Eugene Robbins, III, in a nursery before the plaintiff left Raleigh.

The plaintiff returned to Raleigh on Thursday, 28 May 1964, and found the defendant and the two-year-old child gone. Plaintiff had no idea where her husband and child were until she read a note saying they were in New Bern.

It appears that prior to their reconciliation in November 1963, it was understood as a condition to their living together again that plaintiff would not be required to live in New Bern. Plaintiff had lived in Raleigh since her marriage to the defendant in November 1960.

From an order allowing plaintiff subsistence *pendente lite,* attorney fees, and custody of the minor child born of the marriage, the defendant appealed to the Supreme Court, assigning error.

*John W. Liles, Jr., for plaintiff appellee.*
*Stanley Seligson and Charles L. Abernethy for defendant appellant.*

PER CURIAM. The defendant assigns as error the refusal of the court below to remove this case to Craven County for trial on the ground that the husband's domicile is in that county.

In the case of *Miller v. Miller*, 205 N.C. 753, 172 S.E. 493, this Court held: "In a proceeding for alimony without divorce * * * 'the wife may institute an action in the superior court of the county in which the cause of action arose'; * * * *Rector v. Rector, supra* (186 N.C. 618, 120 S.E. 195) * * *."

The court below found as a fact that the defendant herein has abandoned the plaintiff and that she is entitled to the relief demanded. This assignment of error is overruled.

The defendant also assigns as error the awarding of custody of the minor child in this proceeding. He contends the court below had no jurisdiction of the child.

G.S. 50-16 was amended by Chapter 925 of the 1953 Session Laws of North Carolina, as follows: "In a proceeding instituted under this Section, the plaintiff or the defendant may ask for custody of the children of said parties, either in the original pleadings or in a motion in the cause. Whereupon, the court may enter such orders in respect to said custody as might be entered upon a hearing on a writ of *habeas corpus* issued for the purpose of determining the custody of said children. Such request for custody of the children shall be in lieu of a petition for a writ of *habeas corpus*, but it shall be lawful for the custody of said children to be determined upon a writ of *habeas corpus*. provided the petition for said writ is filed prior to the filing of said pleadings or motion for such custody in the cause instituted under this Section."

There is nothing in the record before us to show that a petition for a writ of *habeas corpus*, to determine the custody of the minor child involved herein, was pending at the time this action was instituted. Therefore, the order of the court below is

Affirmed.