STATE v. HENRY HOOKER.

(Filed 20 December, 1923.)

**1. Criminal Law—Husband and Wife—Abandonment—Statutes—Pleas—
Abatement.**

Where the defendant has been convicted of abandoning his wife and
child and failing to provide an adequate support for them under the
provisions of C. S., 4447; on appeal *held*, his plea in abatement comes
too late after his plea of not guilty.

**2. Same—Place of Abandonment—Indictment—Burden of Proof.**

The law presumes that the offense of abandonment by the husband
of his wife and child, C. S., 4447, took place as alleged in the indictment,
and the burden is on the defendant to show otherwise.

**3. Same—Venue.**

When the husband has agreed to a separation from his wife upon con-
sideration of his remitting periodically a certain sum of money to a
certain county in which she was to reside, and he fails of performance,
the venue of an action under the provisions of C. S., 4447, is in that
county.

**4. Same—Limitation of Actions.**

> Where the abandonment by the husband of the wife consisted in his failure to remit her a certain sum of money periodically to a certain county in which his conduct had forced her to reside, the failure to support occurred at the time he failed to perform his agreement, and the statute will begin to run from that date, and was not a bar under the facts of this case.

APPEAL by defendant from *Harding, J.,* at April Term, 1923, of RICHMOND.

The defendant was convicted on a charge of abandoning his wife and child and failing to provide adequate support for them. C. S., 4447. He was found guilty and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*A. A. Tarlton and McLendon & Covington for defendant.*

PER CURIAM. The plea in abatement was too late after the plea of not guilty; *S. v. Oliver, ante,* 329. The presumption of law is that the violation of law is presumed to take place where the indictment alleges. If it took place elsewhere the burden is upon the defendant to show that it took place in another county. *S. v. Oliver, supra.*

The court overruled the plea as to venue upon the ground that it was too late after the plea of not guilty was entered, but out of abundant caution submitted the following issue, "Did the alleged abandonment take place in Anson County?" to which the jury responded "No." The evidence was that the wife and child were living in Richmond County when the defendant executed his undertaking to contribute to the support of his wife and child by sending $10 on the first of each and every month to her address at Rockingham in Richmond County, and venue in this indictment upon his failure to do so was properly laid therefore in Richmond. *S. v. Beam,* 181 N. C., 597.

The evidence is that the defendant and the prosecutrix were married and lived in Anson, and the child was born of that marriage. She testified that thereafter he left her and failed to provide anything for her and the child to live on, and the people from whom they had bought their furniture took it away for the unpaid installments thereon; that being left entirely destitute by the defendant abandoning her in Wadesboro in 1919, she sought refuge with friends in the adjoining county of Richmond, and in December, 1920, a warrant was issued by a justice of the peace charging the defendant with abandonment. At the examination before the justice of the peace an agreement was entered into

in writing, which was put in evidence, between Mrs. Hooker and her husband, the defendant, that he would pay her $10 per month on the first day of each month for the support of herself and child. The following month, January, 1921, in the Superior Court, a consent order was entered to that effect. The defendant paid his wife $15 on the first day of February and $10 on the first days respectively of March, April, May, and June, 1921, but he failed to make any payment on the first day of July, and since then has continuously refused to make any payment.

The payment of this money was a recognition of the marital obligation and a renewal of it; S. v. Hannon, 168 N. C., 215. The offense was really not complete until he failed to support her, and the failure not to support not having occurred until 1 July, 1921, the statute did not bar. S. v. Davis, 79 N. C., 603, and S. v. Beam, supra, are directly in point, and the statute of limitations cannot apply as the present indictment was found in April, 1923.

The question was also raised in this case as to whether the prosecuting witness did not abandon the defendant or leave him in such way as to justify his failure to support her. This contention was carefully and fully submitted to the jury in the charge, who found against the defendant. S. v. Bell, 184 N. C., 701, where the whole subject is fully discussed.

No error.