## STATE v. ARCH JOHNSON.

(Filed 19 October, 1927.)

**Criminal Law—Abandonment—Justification—Statutes—Adultery of Wife —Instructions.**

While ordinarily the husband may not withdraw his support from his wife and children, and compel her to leave him without violating our criminal statute, C. S., 4447, it is one of the exceptions to the rule under which the husband may prove justification, when she has committed adultery with another man, and an instruction which deprives the husband of this defense is reversible error.

APPEAL by defendant from *Barnhill, J.*, at April Term, 1927, of HOKE.

Criminal prosecution tried upon a warrant charging the defendant with abandonment and nonsupport in violation of the provisions of C. S., 4447.

The prosecutrix and defendant were married in 1918 and lived together until 29 August, 1924, when they separated. It is the contention of the State that the prosecutrix was forced to leave the defendant's home, while the defendant contends that she left of her own volition.

It is also contended that the defendant has failed to support his wife in an adequate manner since their separation, but it is the position of the defendant that he is not liable therefor because of adultery on the part of the prosecutrix. The evidence with respect to the alleged infidelity of the wife is conflicting.

On the substance of the offense the court charged the jury as follows:

"In that connection, gentlemen of the jury, if he sold out his household and kitchen furniture and told her he was going to live with her no longer, and she would have to go elsewhere to live, and in consequence of that she did go, then it would be an abandonment on his part, a withdrawal by him of the marital relation between them, such as would constitute an abandonment, and if thereafter he failed and refused wilfully and voluntarily to provide support for her, within his means, then he would be guilty as charged in the warrant under which he is being tried."

This instruction the defendant assigns as error.

The court further instructed the jury, to which the defendant excepts, that there was no evidence in the case to support the charge of adultery on the part of the prosecutrix.

From an adverse verdict and judgment pronounced thereon the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Roberson, Whitfield & Phipps and McLendon & Hedrick for defendant.*

STACY, C. J., after stating the case: There is error in the instruction as to what constitutes an abandonment under the statute. "If any husband shall wilfully abandon his wife without providing adequate support for such wife, and the children which he may have begotten upon her, he shall be guilty of a misdemeanor." C. S., 4447. An offending husband may be convicted of abandonment and nonsupport when—and

only when—two things are established: First, a wilful abandonment of the wife; and, second, a failure to provide "adequate support for such wife, and the children which he may have begotten upon her." *S. v. Toney,* 162 N. C., 635; *S. v. Hopkins,* 130 N. C., 647. The abandonment must be wilful, that is, without just cause, excuse or justification. *S. v. Smith,* 164 N. C., 475. And both ingredients of the crime must be alleged and proved. *S. v. May,* 132 N. C., 1021.

The instruction as given took away from the defendant the position of justification. *S. v. Falkner,* 182 N. C., 793. A lawful or justifiable abandonment on the part of a husband, although followed by wilful refusal or failure to provide adequate support for his wife and the children which he may have begotten upon her, is not the offense condemned by the statute. *S. v. Bell,* 184 N. C., 701.

There are other exceptions appearing on the record, worthy of consideration, but as the matters to which they are addressed are not likely to arise on another hearing, we shall not consider them now.

For error in the charge, as indicated, there must be a new trial; and it is so ordered.

New trial.