### G. G. HYDER v. MARY J. HYDER.

(Filed 8 March, 1939.)

1. **Divorce § 2a: Husband and Wife § 23—Abandonment of wife by husband is his willful separation from her without providing adequate support.**

    Where, in the husband's action for divorce on the ground of two years separation, the wife sets up the defense that he had abandoned her, an instruction that the two elements of abandonment are his willful separation from her without just cause or excuse and his failure to provide adequate support, is without error, and plaintiff's contention that the court should have charged that the failure to provide support must have been willful in order to constitute an abandonment is untenable. C. S., 4447.

2. **Divorce § 2a—Burden is on wife to prove abandonment by greater weight of evidence and not beyond reasonable doubt.**

    Where, in the husband's action for divorce on the ground of two years separation, the wife sets up the defense of abandonment, the burden of the issue is on her to prove the defense by the greater weight of the evidence and not to prove same beyond a reasonable doubt, even though the issue may involve a criminal charge, since the defense is set up in the trial of a civil action.

3. **Same: Action § 4—**

    In the husband's suit for divorce on the ground of two years separation, the wife's defense that the separation was the result of his unlawful abandonment of her is valid, and the husband's demurrer *ore tenus* thereto is properly overruled, since a party may not maintain a civil action based upon his own violation of the criminal laws of the State.

APPEAL by plaintiff from *Pless, J.*, at November Term, 1938, of HENDERSON. No error.

This is an action under the provisions of ch. 100, Public Laws 1937, in which the plaintiff makes the necessary allegations for a divorce on the ground of having lived separate and apart from his wife for two years. The defendant, answering, admits the marriage between herself and the plaintiff, the plaintiff's residence in the State for one year, and the fact of his having lived separate and apart from her for two years. The defendant, by way of further answer and plea in bar, alleges that the plaintiff willfully abandoned her, his wife, without providing adequate support for her. The jury answered the issues of marriage, residence and separation in favor of the plaintiff, but answered in the affirmative the fourth issue, which reads: "Did the plaintiff wrongfully abandon the defendant, as alleged in the answer?" From a judgment denying him a divorce the plaintiff appealed, assigning errors.

*Arthur J. Redden for plaintiff, appellant.*
*J. E. Shipman for defendant, appellee.*

SCHENCK, J. The appellant assigns as error an excerpt from the charge which reads: "Now, gentlemen, the burden of proof of that issue is on the defendant Mrs. Hyder to satisfy you by the greater weight of the evidence that the plaintiff criminally and unlawfully abandoned her; and there are two elements of abandonment which must be shown, and shown by the greater weight of the evidence, before she can prevail. She must first show that the abandonment, that is, the separation, was willful on his part, that is, wrongful, without just cause or excuse; and, second, that he has failed to provide adequate support for her. If she has failed to establish both of these elements, that is, willful abandonment and lack of adequate support, then the defendant has failed to carry the burden imposed by law and the plaintiff will prevail. On the other hand, if she has shown this by the greater weight of the evidence, then it will be your duty to answer the fourth issue in her favor."

The appellant contends that the omission of the court to instruct the jury that the failure to provide adequate support for his wife must be willful, as well as the abandonment of her, constitutes error. A reading of the statute making abandonment a criminal offense divulges that such contention is untenable. The statute, C. S., 4447, reads: "If any husband shall willfully abandon his wife without providing adequate support for such wife . . . he shall be guilty of a misdemeanor." The purpose of the statute was to make unlawful a willful abandonment of a wife by a husband without providing adequate support for her. It is not made unlawful for a husband to simply willfully abandon his wife —a husband is not compelled to live with his wife if he provides her adequate support.

The charge is consonant with what was said in *S. v. Johnson,* 194 N. C., 378, as follows: "An offending husband may be convicted of abandonment and nonsupport when—and only when—two things are established: First, a willful abandonment of the wife; and, second, a failure to provide 'adequate support for such wife, and the children which he may have begotten upon her.' *S. v. Toney,* 162 N. C., 635; *S. v. Hopkins,* 130 N. C., 647. The abandonment must be willful, that is, without just cause, excuse or justification. *S. v. Smith,* 164 N. C., 475. And both ingredients of the crime must be alleged and proved. *S. v. May,* 132 N. C., 1021."

The appellant assigns as error a portion of the charge to the effect that the burden was upon the defendant to establish the essential elements of the offense of abandonment by the greater weight of the evidence, contending that since the offense is a crime the elements must be established beyond a reasonable doubt. Such is not the rule in the trial of a civil action although the issue may involve a criminal charge.

The plaintiff's demurrer *ore tenus* to the plea in bar in the answer of the defendant is overruled, since there is an allegation therein that the plaintiff seeks to maintain a civil action based upon his own violation of the criminal law of the State, which is contrary to the practice in this jurisdiction. *Reynolds v. Reynolds,* 208 N. C., 428; *Brown v. Brown,* 213 N. C., 347.

In the trial we find

No error.