WATSON WELCH v. OTELIA L. WELCH.

(Filed 25 September, 1946.)

**1. Divorce § 4—**

Plaintiff's testimony that he had been continuously a resident of North Carolina up to the time he went to another state for temporary work, and that he returned here once or twice a month and did not intend to make his home in such other state but intended to remain a citizen of North Carolina, *is held* sufficient to be submitted to the jury on the question of his residence in this State for the statutory period. G. S., 50-5 (4); G. S., 50-6.

**2. Same—**

The fact that plaintiff went to another state to engage temporarily in work there, and, upon mistaken advice, instituted an action for divorce in such other state upon allegations of residence therein, is evidence against him on the issue of his residence in this State for the statutory period but is not conclusive and does not constitute an estoppel.

**3. Divorce § 2a—**

Plaintiff's admission that he had been convicted for failing to support the children of his marriage is not alone sufficient to defeat his action for divorce on the ground of two years' separation.

**4. Divorce § 11—**

Where, in an action for divorce, the court, upon allegations contained in the verified answer, allows defendant reasonable counsel fees to enable her to make her defense, it will be presumed that the court found facts in accordance therewith, and the allowance, not being excessive, will be upheld as within the discretionary power of the court.

APPEAL by plaintiff from *Stevens, J.,* at June Term, 1946, of PAS-QUOTANK. Reversed.

This was an action for divorce on the ground of separation for two years.

At the conclusion of plaintiff's evidence, defendant moved for judgment of nonsuit on the ground that the plaintiff had failed to show that he had resided in North Carolina for six months before instituting his action. The motion was allowed, and from judgment dismissing the action plaintiff appealed.

*P. H. Bell for plaintiff, appellant.*
*Robt. B. Lowry and Geo. J. Spence for defendant, appellee.*

DEVIN, J. · The ruling of the court below in dismissing the plaintiff's action was based upon the view that plaintiff had failed to offer sufficient evidence that he had resided in the State for the statutory period prescribed by G. S., 50-5 (4), and G. S., 50-6, before instituting his action for divorce.

Both the fact of marriage and that there had been a separation of husband and wife and cessation of marital relations since 1937 were admitted in the pleadings and shown by plaintiff's uncontradicted testimony. Upon the question of residence plaintiff testified that he was born in Chowan County, had lived in Tyrrell and Perquimans, where he had paid his taxes, and was now employed in Plymouth, North Carolina; that in 1938 he went to work in Norfolk, Virginia, but returned once or twice each month; that he did not intend to make Virginia his home, but it was his intention to remain a citizen of North Carolina.

He further testified that in 1942 the defendant, a resident of Pasquotank County, caused his arrest and conviction for failing to support his infant children, and he was required to make weekly payments for this purpose, which he has done. He also testified that in 1942 he instituted action for divorce in Pasquotank County, but on account of the failure of his counsel to advise him when the case was set for trial, his action

was dismissed; that thereafter, acting upon the advice of an attorney in Norfolk that if he slept in Virginia during the week while working there he would be considered a resident of that state, he brought suit for divorce in a Norfolk court, alleging in his complaint that he was a resident of Virginia. No divorce, however, was granted, and the case was subsequently dismissed.

This evidence, if accepted, would seem to be sufficient to be submitted to the jury on the essential issue of residence. *Ellis v. Ellis,* 190 N. C., 418, 130 S. E., 7. Having been continuously a resident of North Carolina up to the time he went to Norfolk to engage temporarily in work there, in order to constitute the plaintiff a nonresident of this State his stay in Virginia must have been coupled with the intention to make that his home or to live there permanently or indefinitely, which he here disavows. *Roanoke Rapids v. Patterson,* 184 N. C., 135, 113 S. E., 603; *Oliver v. Oliver,* 219 N. C., 299, 13 S. E. (2d), 549; *S. v. Williams,* 224 N. C., 183, 29 S. E. (2d), 744; Black's Law Dictionary.

The fact that under mistaken advice he instituted an action for divorce in Virginia upon allegations of residence there would not constitute an estoppel. This would be evidence against him on the issue of residence, but not conclusive. *Bank v. McCaskill,* 174 N. C., 362, 93 S. E., 905.

The plaintiff's evidence would seem to be sufficient to show a separation and living apart, such as contemplated by the statute as one of the grounds for divorce. *Byers v. Byers,* 222 N. C., 298, 22 S. E. (2d), 902; *Hyder v. Hyder,* 215 N. C., 239, 1 S. E. (2d), 540; *Dudley v. Dudley,* 225 N. C., 83, 33 S. E. (2d), 489. Nor would the plaintiff's admission that he had subsequently been convicted for failing to support his children be alone sufficient to defeat his present action under the principle enunciated by this Court in *Reynolds v. Reynolds,* 208 N. C., 428, 181 S. E., 338; *Brown v. Brown,* 213 N. C., 347, 196 S. E., 333; *Byers v. Byers,* 223 N. C., 85, 25 S. E. (2d), 466; *Pharr v. Pharr,* 223 N. C., 115, 25 S. E. (2d), 471.

The allowance by the court to the defendant of reasonable counsel fees, in order to enable her to make her defense to plaintiff's suit, was based upon allgations contained in her verified answer, and upon the facts presumably found in accordance therewith. The amount under the circumstances of this case may not be held excessive. The power of the court to make the allowance must be upheld. *Medlin v. Medlin,* 175 N. C., 529, 95 S. E., 857.

For the reasons stated, the judgment of nonsuit is

Reversed.