### STATE v. LANDRUM CARSON.

(Filed 5 November, 1947.)

**1. Husband and Wife § 17—**

Separation by consent is not abandonment.

**2. Same—**

The offense proscribed by G. S., 14-322, is the willful or wrongful separation of husband from his wife coupled with his willful failure to provide adequate support for her according to his means and station in life, and wrongful discontinuance of cohabitation alone is not a criminal offense.

**3. Husband and Wife § 22—**

Testimony to the effect that defendant and prosecutrix separated and that he had ceased to provide for her support is insufficient to be submitted to the jury in a prosecution for abandonment, since it fails to show an unjustifiable or wrongful desertion, or that the failure to support was willful.

**4. Husband and Wife § 19: Criminal Law § 12b—**

Our courts have no jurisdiction of a prosecution of a husband for willful abandonment of his wife without providing for her adequate support if the abandonment occurs outside the State.

**5. Husband and Wife § 17—**

G. S., 14-322, is penal in nature and must be strictly construed.

APPEAL by defendant from *Alley, J.,* at July Term, 1947, of CLEVE-LAND. Reversed.

Criminal prosecution under warrant charging that the defendant willfully abandoned his wife without providing adequate support for her.

Defendant and his wife lived in Norfolk, Va. They separated in March 1946, and defendant went to Shelby, N. C. She went to Shelby 28 June 1947 and on 5 July issued the warrant herein charging abandonment on 28 June 1947.

There was a verdict of guilty. The court pronounced judgment on the verdict and defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Horace Kennedy and G. C. Horn for defendant appellant.*

BARNHILL, J. The prosecutrix testified: "We were separated in Norfolk, Virginia. . . . We separated in Virginia in March of 1946. . . . I have never lived with my husband in North Carolina since we separated in Virginia. . . . My husband has not given me any support since December 23, 1946, when he gave me $50. I have been living in Shelby over a month and have seen my husband during that time but have not talked with him. He came to my mother's once on Saturday after I got back and asked me to go riding with him but he was intoxicated and I did not go. . . . He has been to see the children one time."

This is the full extent of the testimony tending to establish the crime charged. It is wholly insufficient for that purpose.

Abandonment is more than mere separation. It is desertion—an unjustifiable separation coupled with the discontinuance of the marital obligation to support. *S. v. Smith,* 164 N. C., 475, 79 S. E., 979.

Separation by consent is not abandonment. *S. v. Smith, supra; Witty v. Barham,* 147 N. C., 479. Nor is proof of a wrongful discontinuance of cohabitation alone sufficient. A husband is not compelled to live with his wife and his refusal to do so does not constitute a criminal offense so long as he provides adequate support. *Hyder v. Hyder,* 215 N. C., 239, 1 S. E. (2d), 540. His act becomes criminal when and only when he, having willfully or wrongfully separated himself from his wife, inten-

tionally and without just cause or excuse, ceases to provide adequate support for her according to his means and station in life. *S. v. Hooker,* 186 N. C., 761, 120 S. E., 449.

His separation and failure to provide support must be willful. *S. v. Smith, supra; S. v. Falkner,* 182 N. C., 793, 108 S. E., 756; *S. v. Yelverton,* 196 N. C., 64, 144 S. E., 534; and the burden is on the State to prove the intent or to show facts and circumstances from which the intent may be inferred by the jury. *S. v. Falkner, supra.*

Here the evidence tends to show a separation by consent. Certainly it fails to indicate an unjustifiable and wrongful desertion or abandonment by the defendant. Furthermore, this separation occurred in Virginia. If it was in fact an abandonment then *S. v. Jones,* 227 N. C., 94, is controlling.

On the other hand, if it is contended that the abandonment occurred in this State, then the record is devoid of evidence tending to show a demand for or a refusal to support, or that defendant is employed and able to support, or other facts or circumstances tending to show that he intentionally, without just cause or excuse, failed or refused to discharge his obligation to support. *S. v. Sneed,* 197 N. C., 668, 150 S. E., 197.

The statute is penal in nature and must be strictly construed. *Hyder v. Hyder, supra; S. v. Gardner,* 219 N. C., 331, 13 S. E. (2d), 529. When so construed and applied to the evidence offered by the State in the light of former decisions of this Court, it is apparent the State has failed to make out a case for the jury. The motion to dismiss should have been allowed.

The judgment below is
Reversed.