### MARY VAIL CAMERON v. BRUCE CAMERON.

(Filed 22 November, 1950.)

**1. Divorce and Alimony § 12—**

Motion for alimony *pendente lite* in the wife's action for divorce from bed and board is properly denied upon the court's findings supported by evidence negativing each of the allegations in plaintiff's complaint upon which her action is based and upon which the motion for alimony *pendente lite* is made.

**2. Divorce and Alimony § 19—**

The court's order awarding the custody of the children to their father, with provision that their mother should see them at reasonable times, will be upheld where the evidence supports the court's findings that the father is a fit, proper, and suitable person to have their custody and that their mother is not a fit and suitable person, and that the best interests of the children would be served by such award of their custody.

**3. Divorce and Alimony § 12—**

The amount to be allowed as counsel fees to plaintiff's attorneys in her action for divorce *a mensa et thoro* is within the sound discretion of the trial judge, but such award does not preclude plaintiff from thereafter seeking an increased award upon a showing of additional facts.

**4. Same—**

The trial court denied plaintiff's motion for alimony *pendente lite* in her action for divorce *a mensa et thoro* upon supporting findings, but declined to find that she had been guilty of adultery. *Held:* The denial of alimony *pendente lite* in her suit for divorce *a mensa* does not preclude her, in the husband's cross-action for divorce *a vinculo* on the ground of adultery, from moving under the common law for subsistence pending the action, when the husband is a man of wealth and she is without means to defray the necessary and proper expenses of presenting her defense that she had not committed adultery and she has expressed her desire to contest the issue.

**5. Same—**

When the trial court's determination of a motion for alimony *pendente lite* is predicated upon proper findings supported by competent evidence, the order will not be disturbed because of the general admission of evidence competent for a restricted purpose, or the admission of incompetent evidence, since it will be presumed that the judge in making the findings considered only that testimony properly tending to prove the facts to be found.

APPEAL by plaintiff from *Parker, J.,* March Term, 1950, of SAMPSON. Modified and affirmed.

This action was instituted by plaintiff for divorce *a mensa et thoro.* In her complaint she asked for alimony *pendente lite* and suit money, and also for custody of two children of the marriage.

The defendant answered denying plaintiff's accusations, and set up a cross-action for divorce *a vinculo* on the ground of adultery. The case was here at Fall Term, 1949, on defendant's appeal from an order allowing alimony *pendente lite* and counsel fees. For error found the cause was remanded to the Superior Court of Sampson County. *Cameron v. Cameron,* 231 N.C. 123, 56 S.E. 2d 384.

A second hearing on these motions was had before Judge Parker at March Term, 1950, of Sampson Superior Court, and an order was entered denying plaintiff's motion for alimony *pendente lite* in her action, deny-

ing plaintiff's plea for custody of the children and allowing plaintiff counsel fees for her defense to defendant's cross-action.

Plaintiff excepted and appealed.

*Welch Jordan and Butler & Butler for plaintiff, appellant.*

*Stevens, Burgwyn & Mintz, Jeff D. Johnson, Jr., and Howard H. Hubbard for defendant, appellee.*

DEVIN, J.  The ruling of Judge Parker in denying plaintiff alimony *pendente lite* in her action for divorce *a mensa* was based upon the findings "that the plaintiff voluntarily left the defendant's home on or about the night of September 1, 1948, of her own free will and accord; that the defendant has not abandoned the plaintiff, nor has defendant maliciously turned plaintiff out of doors; that defendant has not offered any indignities to the person of the plaintiff as to render her condition intolerable and life burdensome."  These findings are supported by evidence and negative each of the allegations in plaintiff's complaint upon which her action is based and upon which the motion for alimony pending the action was made.  *Carnes v. Carnes*, 204 N.C. 636, 169 S.E. 222.

The court found "that the plaintiff was not a fit and suitable person to have at any time the custody of Mary Vail Cameron and Diana Banning Cameron."  The evidence in the record is sufficient to support this finding, and also the finding that defendant is a fit, proper and suitable person to have custody of the children.  Provision was made in the order which would enable plaintiff to see her children at reasonable hours three times a week.  It was also found that the best interest of the children would be served by the award of custody as thus determined.

The court declined to find from the evidence offered that the plaintiff had committed adultery as alleged in the defendant's cross-action, but found that the plaintiff in her reply and in her oral testimony had denied in good faith that she had committed adultery and had expressed her desire to contest the issue.  In view of its far-reaching effect the court expressed the natural hesitation of a judge to make such a finding without the aid of a jury.  Consequently, since no finding was made on this question and no order entered based thereon, it is still open to the plaintiff to exercise her common law right to move for an allowance for subsistence pending the action to enable her to make her defense to the charges contained in defendant's cross-action.

The order requiring defendant to pay counsel fees and suit money in the sum of $3,500 *pendente lite* to enable plaintiff to defend against the charge of adultery was not objected to by defendant.  Plaintiff, however, excepted to this order on the ground that the amount was inadequate in view of the circumstances of this case and the wide range the evidence

has taken, and the effort and expense required to rebut the testimony offered by the defendant on the charges contained in his cross-action. This was a matter resting in the sound discretion of the judge who had before him all the facts presented at that time. *Davidson v. Davidson,* 189 N.C. 625, 127 S.E. 682. However, we see no reason why the plaintiff may not be permitted to renew her motion for this purpose upon proper notice, if additional facts are made to appear.

The court found that the plaintiff had no property and only a meager earning ability, and that the defendant was a man of wealth. Though the plaintiff is precluded from alimony *pendente lite* in her action for divorce *a mensa* by reason of the court's findings hereinbefore referred to, which we affirm, nevertheless under the common law in the defendant's cross-action for divorce *a vincula* on the ground of adultery, upon a finding that she has not sufficient means whereon to subsist pending the suit and to defray the necessary and proper expenses of presenting her defense thereto, and that her husband is a man of wealth, an award for this purpose may be made in the defendant's cross-action. *Medlin v. Medlin,* 175 N.C. 529, 95 S.E. 857; *Holloway v. Holloway,* 214 N.C. 662, 200 S.E. 436; *Covington v. Covington,* 215 N.C. 569, 2 S.E. 2d 558; *Welch v. Welch,* 226 N.C. 541, 39 S.E. 2d 457; *Webber v. Webber,* 79 N.C. 572. Though plaintiff made her motion for alimony *pendente lite* in her action for divorce *a mensa,* which was denied, this would not prevent her from moving for this purpose in the cross-action of the defendant for divorce on the ground of adultery.

The plaintiff included in her assignments of error exception noted to the introduction in evidence at the hearing of certain letters which are set out in the record. It was urged that these letters were inadmissible and prejudicial, and that the findings and orders below should for this reason be set aside.

It was testified these letters were found in the plaintiff's private desk in the home in Wilmington. Plaintiff in her complaint had referred to the fact that her desk had been rifled and her personal papers removed, and she described their character as letters from members of her family, business correspondence and "two or three letters and telegrams from men acquaintances of the plaintiff." Plaintiff argued the incompetency of these letters for any purpose, for the reason that they were not identified, it had not been shown by whom they were written, and in any event their contents were hearsay.

Though the letters referred to were not admissible as evidence of adultery, we are not inclined to reverse the result below because of their introduction at the hearing. The retention of letters, apparently addressed to the plaintiff, in her private desk, together with her references to them in her complaint, would give rise to the inference of her knowledge of

their contents and acquiescence and assent thereto. 1 Wigmore, sec. 260; 2 Wigmore, sec. 1073. The fact of the preservation among her personal papers of letters of this type from "men acquaintances" might properly be considered as corroboratory of defendant's evidence as to the plaintiff's fitness to have the custody of the children and as tending to support defendant's contention that plaintiff had not in good faith renewed marital relations with defendant after a period of separation. As the hearing was before the judge on a preliminary motion, the ordinary rules as to the competency of evidence applied in a trial before a jury are to some extent relaxed, for the reason that the judge with knowledge of the law is able to eliminate from the testimony he hears that which is immaterial and incompetent, and consider only that which tends properly to prove the facts to be found. 64 C.J. 1202. For the same reason the exception to evidence as to phone calls we think insufficient to require setting aside the findings and orders entered below.

The Judge heard both parties at length and considered the voluminous evidence presented, and made carefully considered findings based thereon. These we will not disturb.

Except as herein modified, the judgment of the court is

Affirmed.