STATE v. JOSEPH L. LUCAS.

(Filed 13 April, 1955.)

**1. Husband and Wife § 22—**

Evidence in this prosecution of the defendant for willful abandonment of his wife without providing her adequate support *is held* sufficient to overrule defendant's motion to nonsuit.

**2. Husband and Wife § 17—**

The husband's willful separation of himself from his wife is not a criminal offense so long as he provides her with adequate support, but becomes a criminal offense only if after abandonment he intentionally and without just cause or excuse ceases to provide adequate support for her according to his means and condition in life.

**3. Same—**

Under certain circumstances the willful abandonment of the wife by the husband may be a significant factor in determining whether his failure to provide adequate support was willful, as when he leaves and goes to a new community where there is no prospect of equally satisfactory employment.

**4. Husband and Wife § 23—**

Where, in a prosecution for abandonment and willful failure to support, the evidence tends to show that the husband was employed and had earnings, and had in some measure made provision for the support of the wife, the adequacy of such support and the willfulness of the defendant's failure to do more, are the crucial questions to be submitted to the jury, and an instruction to the effect that defendant's earning capacity made no difference is erroneous, and an instruction that the failure to provide support would be excusable only if the husband had no income or earning capacity whatsoever, is inexact.

**5. Husband and Wife §§ 17, 20: Parent and Child § 9—**

Under G.S. 14-322, as amended, defendant's abandonment and willful failure to support his wife and his abandonment and willful failure to support the children of the marriage, are separate and distinct offenses, and each offense should be fully charged in separate bills of indictment or in separate counts in a bill of indictment.

**6. Parent and Child § 9—**

Where the indictment of a husband for abandonment and willful failure to support his wife does not charge defendant with such offense as to the children of the marriage, the solicitor, if he deems it advisable, may proceed on a new bill as to the children and move that the cases be consolidated for trial, since the offense is a continuing one.

STATE *v.* LUCAS.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Whitmire, Special J.,* December Term, 1954, of RANDOLPH.

Criminal prosecution on bill of indictment charging that defendant on the ...... day of October, 1953, at and in Randolph County, "unlawfully and willfully did abandon his wife, one Eunice Lucas, without providing adequate support for her, the said Eunice Lucas and minor child, namely, Marie Lucas, which he, the said Joseph L. Lucas upon the body of his said wife had theretofore begotten," etc.

The prosecutrix, Mrs. Eunice Lucas, and defendant were married 5 September, 1938. They have one child, Marie Lucas, now fifteen years old. While they lived together, both wife and husband were gainfully employed, she earning about $1,500.00 per year and he earning about $2,000.00 per year. With their joint earnings, they bought and paid for a home in Randolph County, now worth about $8,000.00, and furniture and equipment therein of value such that to replace it would cost between $4,000.00 and $5,000.00. Some two years and one month before the trial at December Term, 1954, the husband and wife separated. It does not appear clearly whether he then left the community. In any event, he returned to the Randolph County home in October, 1953, spending two nights there with his wife and daughter. The wife and daughter at all times have lived in the home in Randolph County. The wife's gainful employment has continued.

The prosecutrix was the only witness. Her testimony tends to show that in October, 1953, defendant left her and their daughter, without just cause, justification or excuse; and that later he telephoned that he was in Baltimore, looking for a job, and subsequently wrote her that he was employed by the Fisher Body Plant at wages of $2.08 an hour. Her further testimony tends to show her own earnings, the amounts of money sent to her by defendant, the nature and value of presents sent by defendant to their daughter, and other items bearing upon the character and extent of such provision as was made by defendant for her and their daughter.

The trial judge gave the following instruction to the jury:

"The statute makes no distinction between the difference in earning capacity of people. There is no burden imposed upon the State to show one's earning capacity. The statute simply makes it a crime to willfully abandon one's wife or child or both without providing adequate support for them.

"Now by using the word willful in the statute the law simply means without just cause, excuse or justification. Now it follows from that, that if a man is out of work or if he is sick or in ill health, and because

of being out of work and because of physical disability he has no income or earning capacity, then there could be no willful abandonment or failure to support."

The jury returned a verdict of guilty. Judgment was pronounced thereon. Defendant excepted and appealed. He assigns as error the denial of his motion for judgment of nonsuit; also, portions of the charge, including the excerpt quoted above.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*Ottway Burton for defendant, appellant.*

BOBBITT, J. Since a new trial is awarded for reasons set out below, we refrain from further narration and analysis of the evidence in the record before us. Careful consideration of such evidence, in the light most favorable to the State, discloses that it was sufficient for submission to the jury under appropriate instructions. Hence, the assignment of error, directed to the court's denial of defendant's motion for judgment of nonsuit, is overruled.

In a prosecution under G.S. 14-322, the State must establish (1) a willful abandonment, and (2) a willful failure to provide adequate support. *S. v. Carson,* 228 N.C. 151, 44 S.E. 2d 721; *S. v. Campo,* 233 N.C. 79, 62 S.E. 2d 500. Proof of a wrongful discontinuance of cohabitation is not in itself sufficient to support a conviction. As stated by *Barnhill, J.* (now *C. J.*), in *S. v. Carson, supra:* "A husband is not compelled to live with his wife and his refusal to do so does not constitute a criminal offense so long as he provides adequate support. *Hyder v. Hyder,* 215 N.C. 239, 1 S.E. 2d 540. His act becomes criminal when and only when he, having willfully or wrongfully separated himself from his wife, intentionally and without just cause or excuse, ceases to provide adequate support for her according to his means and station in life. *S. v. Hooker,* 186 N.C. 761, 120 S.E. 449."

The defendant is required to provide support commensurate with his ability. *S. v. Clark,* 234 N.C. 192, 66 S.E. 2d 669; *S. v. Love,* 238 N.C. 283, 77 S.E. 2d 501.

While the two elements stated above must be established, the abandonment and the failure to provide adequate support may be so closely interrelated, under the circumstances of a particular case, that the willful abandonment may be a significant factor in determining whether the failure to provide adequate support was willful. This would be true where a defendant, incident to the willful abandonment, willfully leaves a community where he is employed or may be employed at sub-

stantial wages and goes into a new community where there is no reasonable prospect of equally satisfactory employment.

If defendant failed to provide adequate support for his wife after he left in October, 1953, his earnings and his earning capacity were relevant and vital factors bearing upon the alleged willfulness of his failure to meet this marital obligation. The challenged excerpt from the charge, in stating in effect that defendant's earning capacity made no difference, is erroneous. Too, the further statement that there would be no willful failure to support "if a man is out of work or if he is sick or in ill health, and . . . has no income or earning capacity," while correct as a general proposition, would seem to suggest that a failure to provide adequate support is willful unless a man on account of illness or inability to find work has *no* income or earning capacity. In any event, the instruction does not apply the law to one of the crucial questions presented for decision by the jury. The evidence here discloses that defendant had earnings and earning capacity and in some measure was making provision for the support of his wife. On this phase of the case, the adequacy of such support and the willfulness of defendant's failure to do more were the crucial questions for decision.

For errors in the charge as indicated above, there must be a new trial. Hence, other assignments of error, which involve questions which may not arise upon such new trial, need not be discussed. Even so, we deem it appropriate to call attention to the significance of the statutory changes set out below in relation to the bill of indictment on which this prosecution is based.

C.S. 4447 provided: "Abandonment of family by husband. If any husband shall willfully abandon his wife without providing adequate support for such wife, and the children which he may have begotten upon her, he shall be guilty of a misdemeanor."

It was decided, by a divided Court, in *S. v. Bell,* 184 N.C. 701, 115 S.E. 190, that this statute created two separate offenses, as if worded as follows: "If any husband shall willfully abandon his wife without providing adequate support for such wife, he shall be guilty of a misdemeanor, and if he shall willfully abandon the children which he may have begotten upon her without providing adequate support for such children, he shall be guilty of a misdemeanor."

In *S. v. Bell, supra,* the defendant was tried and convicted upon the *first* count of a three-count bill, which separately charged him with the willful abandonment of his children without providing adequate support for them.

C.S. 4447 was amended by ch. 290, Public Laws of 1925, and as amended was codified as G.S. 14-322 in Volume 1 of the General Statutes of 1943. Thereafter, G.S. 14-322 was amended by ch. 810, Public

Laws of 1949. As amended in 1949, the statute is now codified as G.S. 14-322 in Volume 1B of the (Recompiled) General Statutes and is worded as follows:

"Abandonment by husband or parent.—If any husband shall willfully abandon his wife without providing her with adequate support, or if any father or mother shall willfully abandon his or her child or children, whether natural or adopted, without providing adequate support for such child or children, he or she shall be guilty of a misdemeanor: Provided, that the abandonment of children by the father or mother shall constitute a continuing offense and shall not be barred by any statute of limitations until the youngest living child shall arrive at the age of eighteen years."

G.S. 14-322 now defines clearly two separate and distinct offenses. If the State desires to prosecute for both offenses, each offense should be fully charged in a separate bill of indictment or as a separate count in the bill of indictment.

The bill of indictment in this case sufficiently charges that defendant willfully abandoned his wife without providing adequate support for her. However, it does not charge that defendant abandoned his child. Hence, it is insufficient as an indictment for the offense of willfully abandoning his child without providing adequate support for her. However, by the express terms of the statute, this is a continuing offense. *S. v. Jones,* 201 N.C. 424, 160 S.E. 468. The solicitor, if he deems it advisable, may proceed on a new bill and move that the cases be consolidated for trial.

New trial.

BARNHILL, C. J., took no part in the consideration or decision of this case.