STATE v. FOY McHONE.

(Filed 14 December, 1955.)

**1. Criminal Law § 17e—**

A plea in abatement in a criminal prosecution comes too late when made after plea of not guilty.

**2. Indictment and Warrant § 6½—**

A justice of the peace who is also an officer on the police force of a municipality may lawfully, in his capacity as justice of the peace, take an affidavit and issue a warrant thereon, and plea in abatement and motion

in arrest of judgment on the ground that a police officer may not also hold the office of a justice of the peace, are properly denied.

**3. Gambling § 9—**

Evidence in this case *held* sufficient to sustain conviction of defendant of unlawfully, willfully and knowingly allowing a game of chance, in which money was bet, to be played on his premises, and of unlawfully operating a gaming table at which games of chance were played. G.S. 14-293, G.S. 14-295.

APPEAL by defendant from *Johnston, J.,* at April 1955 Term, of SURRY.

Criminal prosecution upon two warrants, numbered in Recorder's Court 55-112 and 55-114, and numbered 118 and 119 in Superior Court, issued by M. F. Patterson, J. P., on affidavits of Lincoln Puckett return-able before R. S. Westmoreland, Recorder, (1) charging in No. 55-112 the offense of unlawfully, wilfully and knowingly allowing a game of chance, to wit, poker, to be played, in which money was bet, on his premises known as Little Haven Grocery, located on U. S. Highway 103, in violation of G.S. 14-293, and (2) charging in No. 55-114 the offense of unlawfully operating a gaming table, to wit, a poker table, at which games of chance were played in violation of G.S. 14-295. The record shows that the warrants were addressed: "To the Chief of Police or any other lawful officer of Mount Airy and Surry County," and that they were executed by one "Neal Thompson."

Upon trial in Recorder's Court defendant was found guilty. The cases were consolidated, and from judgment pronounced defendant appealed to Superior Court.

Addendum to the record shows

(1) That these consolidated cases came on for trial in Superior Court upon appeal from verdict and judgment of the Recorder's Court of Mt. Airy Township and were tried *de novo* upon the original warrants, and

(2) "Upon the call of the cases for trial, upon the warrants as set out above, the defendant entered a plea of not guilty and following such plea lodged a plea in abatement as to both warrants upon the ground that M. F. Patterson who holds himself out as being a justice of the peace, and who took the affidavits and issued the warrants, was not qualified in that he holds no valid commission to act as justice of the peace, the defendant taking the position that M. F. Patterson, who was a law enforcement officer, being a sergeant on the Police Force of the town of Mt. Airy at the time he took the affidavits and issued such warrants and had been such law enforcement officer for some time next preceding his purported commission from the Governor of North Caro-lina, dated March 19, 1953, . . . the defendant contending that the commission is not a valid commission at all in that M. F. Patterson was

not eligible to act as a justice of the peace, he being a sergeant on the Police Force of the town of Mt. Airy, N. C., and acting as such enforcement officer at the time." The court denied the plea in abatement. Defendant excepts.

Upon motion of Solicitor that the two cases (numbered in Superior Court as 118 and 119) be consolidated for the purpose of trial, there being no objection on the part of defendant, the court so ordered.

The case was submitted to the jury upon evidence adduced by the State upon each of the charges with which defendant stands indicted.

Verdict: Guilty of charges in both of the warrants.

Motion of defendant to set aside the verdict was denied, and defendant excepts.

Defendant moved in arrest of judgment. The motion was denied. Defendant excepts.

The cases were consolidated for judgment.

Judgment: That defendant be confined in common jail of Surry County for a term of 12 months and assigned to work under the supervision of the State Highway and Public Works Commission.

Defendant excepted thereto, and appeals to Supreme Court and assigns error.

*Attorney-General Rodman and Assistant Attorney-General Love for the State.*
*Frank Freeman and J. N. Freeman for defendant, appellant.*

WINBORNE, J. Upon consideration thereof the various assignments of error based upon exceptions appearing in the record and the case on appeal are found to be without merit.

1. As to the exception to denial of defendant's plea in abatement: The record discloses that the plea was not made in apt time. Decisions of this Court hold that a plea in abatement of a defendant in a criminal prosecution comes too late when made after his plea of not guilty,— and cannot be considered. See *S. v. Hooker* 186 N.C. 761, 120 S.E. 449, citing *S. v. Oliver,* 186 N.C. 329, 119 S.E. 370. See also *S. v. Doughtie,* 238 N.C. 228, 77 S.E. 2d 642.

If, however, the plea had been timely, it is appropriate to say that decision here would have been controlled by that in *S. v. McHone, ante,* 231.

2. Exception to denial of defendant's motion in arrest of judgment is controlled by the decision in *S. v. McHone, ante,* 231.

3. Taking the evidence adduced upon the trial in Superior Court in the light most favorable to the State, this Court is of opinion and holds that it is sufficient to take the case to the jury, and to support the ver-

dict rendered in each case. Hence the motions of defendant for judgment as of nonsuit were properly overruled.

4. Other assignments of error require no express consideration. Therefore in the judgment from which appeal is taken, we find

No error.