WILLIAM KENNETH BRANON v. NANCY ANGEL BRANON

(Filed 30 October, 1957)

**1. Divorce and Alimony § 12—**

In the husband's action for absolute divorce on the ground of adultery the wife is entitled to alimony *pendente lite* under the common law unless she answers and defends in bad faith, notwithstanding that she files no cross-action.

**2. Same—**

In the husband's action for absolute divorce on the ground of adultery, the finding of the court, after hearing evidence of the parties, that her answer properly verified and denying the alleged adultery, was made in good faith, is sufficient without any specific finding on the question of adultery.

**3. Same—**

While provision for the wife *pendente lite* in her husband's action for absolute divorce on the ground of adultery, defended by her in good faith, is proper only when she does not have sufficient independent means for her subsistence and for defending the action, the finding in this case, supported by evidence, is sufficient predicate for the court's order that he pay her subsistence and counsel fees *pendente lite*.

APPEAL by plaintiff from *Crissman, J.,* May 20, 1957, Civil Term, of FORSYTH.

This action was instituted March 25, 1957, by plaintiff (husband) for an absolute divorce on the ground of adultery. G.S. 50-5.

Defendant, a minor, is represented herein by guardian *ad litem*. By answer, filed in her behalf and verified by her guardian

*ad litem,* and also by separate affidavit, defendant denied plaintiff's allegations as to adultery.

The hearing to which the appeal relates was on defendant's motion, made in her behalf by her guardian *ad litem,* that defendant be allowed a reasonable amount for her subsistence *pendente lite* and for counsel fees. After hearing the evidence offered by the respective parties, the court, on May 20, 1957, made findings of fact and entered the order referred to below.

In addition to the facts stated above, the court made these findings of fact:

"1. That the plaintiff and the defendant were married to each (other) on May 5, 1955;

"2. That they lived together as husband and wife until March 19, 1957, at which time the defendant separated herself from the plaintiff;

"3. . . .

"4. . . .

"5. . . .

"6. That the defendant does not have sufficient income from her earnings or separate estate for her support and to defray the necessary expenses of defending herself in this action brought by her husband." Plaintiff's Exception No. 1 is to this finding of fact.

"7. That the answer of the defendant is made in good faith.

"8. That the defendant as a matter of law is entitled to (alimony or subsistence, *pendente lite* and attorney fees.)" Plaintiff's Exception No. 2 is to the portion of this finding of fact in parentheses.

"9. That the plaintiff is gainfully employed as a boarder at the Adams-Millis Hosiery Mills in Kernersville, North Carolina, and in the period January 1, 1957, to May 11, 1957, earned approximately $454 net take-home pay for part-time work.

"10. That Ten ($10) Dollars per week as alimony or subsistence *pendente lite* and One Hundred Fifty ($150) Dollars attorney fees to the defendant for her necessary expenses in defending this action are just and reasonable under the circumstances and conditions subsisting."

Based on these findings of fact, Judge Crissman ordered that plaintiff pay to the clerk, during the pendency of this action, the sum of $10.00 per week, beginning Monday, May 27, 1957, for the use and benefit of defendant, and that he pay to the clerk the additional sum of $150.00, payable at the rate of $10.00 per

week, beginning Monday, May 27, 1957, for the use and benefit of defendant's counsel. Plaintiff excepted to this order (Exception No. 3) and appealed therefrom.

*Buford T. Henderson for plaintiff, appellant.*
*Douglas Dettor and Morris Prince for defendant, appellee.*

BOBBITT, J. Plaintiff has charged defendant with adultery and is *prosecuting* this action for an absolute divorce on that ground. Defendant's position is strictly one of defense. She seeks no affirmative relief. All that she asks is that she be provided with such amount for her subsistence pending trial and for counsel fees as is reasonable to enable her to conduct her defense to plaintiff's action.

In *Briggs v. Briggs,* 215 N.C. 78, 1 S.E. 2d 118, the husband's action for absolute divorce was on the ground of two years separation. The wife, *as a defense,* alleged that plaintiff's own wrongful conduct brought about and caused the separation. As succinctly expressed by Barnhill, J. (later C.J.) : "The plaintiff by his suit seeks to deprive the defendant of her legal right to support from him. He must furnish her with the necessary funds with which to defend the action and to support herself pending the litigation." The court's order requiring plaintiff to make certain payments for these purposes was affirmed.

Defendant's right to an allowance for her subsistence pending trial and for counsel fees is not derived from G.S. 50-15 or from G.S. 50-16 but is grounded on the common law. *Medlin v. Medlin,* 175 N.C. 529, 95 S.E. 857; *Holloway v. Holloway,* 214 N.C. 662, 200 S.E. 436; *Briggs v. Briggs, supra; Oliver v. Oliver,* 219 N.C. 299, 13 S.E. 2d 549; *Welch v. Welch,* 226 N.C. 541, 39 S.E. 2d 457; *Cameron v. Cameron,* 232 N.C. 686, 61 S.E. 2d 913; *Johnson v. Johnson,* 237 N.C. 383, 75 S.E. 2d 109; *Bolin v. Bolin,* 242 N.C. 642, 89 S.E. 2d 303. Cases prior to *Medlin v. Medlin, supra,* which expressly overruled *Reeves v. Reeves,* 82 N.C. 348, are discussed by Hoke, J. (later C.J.), in his opinion in the Medlin case.

True, where the wife is charged with adultery, before she is entitled to such allowance, the court must find as a fact that her denial under oath of the alleged adultery was made in good faith; and before making this determination the court must hear the evidence of the parties. *Holloway v. Holloway, supra.* As to this, Judge Crissman's finding is deemed sufficient; and this finding, as well as the findings to which plaintiff excepted, are sufficiently supported by competent evidence.

The reason underlying the common law rule applicable here is stated by Barnhill, J. (later C.J.), in *Holloway v. Holloway, supra,* as follows:

"Following the decision in *Medlin v. Medlin, supra,* this Court proceeds upon the theory that it would be manifestly unfair to permit a husband to maintain an action which might well stigmatize his wife with foul imputation or deprive her of her marital rights without at the same time requiring him to furnish the necessary funds to enable her to so defend the action as to bring about a fair investigation of the charges and a just determination of the issues. Unless he does so the court will withhold its aid from him. Unless she answers and defends in bad faith she will not be deprived of the support due her from her husband until a jury has determined the issues adversely to her in a trial in which she has had a fair opportunity, and reasonable means with which, to defend herself."

Of course, as stated in *Oliver v. Oliver, supra,* defendant's right to an allowance for her subsistence pending trial and for counsel fees "is predicated upon a finding that the wife is without sufficient means to cope with her husband in presenting their case before the court." In the Oliver case, defendant's motion was denied, the court "finding as a fact that the defendant is not without sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary and proper expenses thereto, but . . . has equal, if not greater, means of support than the plaintiff . . ." Suffice to say, the findings upon which Judge Crissman based his order are entirely different.

Plaintiff cites many cases in support of his contention that defendant has neither alleged nor proved facts sufficient to constitute a cause of action for absolute divorce, for divorce from bed and board or for alimony without divorce. The cited cases are not in point. Defendant makes no contention that she alleged or proved such a cause of action for affirmative relief.

Plaintiff instituted and now prosecutes this action; and defendant, confronted by plaintiff's charges of adultery, which she in good faith denies under oath and intends to contest at trial, is entitled to have such provision made for her *pendente lite* as will enable her to meet plaintiff's challenge on even terms. In the words of Hoke, J. (later C.J.), in *Medlin v. Medlin, supra,* "right, reason and approved precedent are in support of his Honor's ruling."

At the trial, if plaintiff prevails, the judgment will be one of absolute divorce in his favor; and if defendant prevails, the

judgment will do no more than deny to plaintiff an absolute divorce.

The order of Judge Crissman was entered May 20, 1957. Perhaps, if plaintiff had not appealed from said order, a final judgment, after trial to a jury on the issues raised by the pleadings, would have been entered before now.

Affirmed.