## STATE v. HARVEY A. HALL.

(Filed 11 November, 1959.)

**1. Criminal Law § 31:     Evidence § 3—**

It is a matter of common knowledge that pregnant women sometimes miscarry, sometimes have stillbirths, and that a child born alive sometimes dies very shortly after birth.

**2. Criminal Law § 1—**

A person may not be punished for an offense he may commit in the future, and a charge of crime must be supported by the facts as they existed at the time the charge is formally laid.

**3. Parent and Child § 9—**

In order for a father to be guilty under G.S. 14-322 for failure to support his child, such failure must be willful, that is, intentionally and without just cause or excuse.

**4. Same—**

A warrant charging a father with willful failure to support his child must be supported by the facts as they existed at the time the warrant was drawn and cannot be supported by evidence of willful failure supervening between the time the charge was made and the time of the trial.

**5. Same—**

Where the sole evidence is testimony that the wife advised him almost nine months before the birth of the child that she was pregnant, the evidence does not permit the fair inference that he knew or had notice of the existence of a living child on the date of the issuance of the warrant, and therefore nonsuit should have been allowed for the insufficiency of the evidence to show that his failure to support the child was willful.

HIGGINS, J., not sitting.

APPEAL by defendant from *Bickett, J.,* 2 February, 1959 Term, of FRANKLIN.

Criminal prosecution on an amended warrant charging defendant on 15 January 1958 with wilful neglect and refusal to provide adequate support for his child in violation of G.S. 14-322. The warrant was issued on 3 November 1958, and was amended in the Superior Court, where the case was heard anew and *de novo* on appeal by defendant from the Recorder's Court of Franklin County. G.S. 15-177.1.

Plea: Not Guilty. Verdict: Guilty.

From the judgment imposed, defendant appeals.

*Malcolm B. Seawell, Attorney General, and Claude L. Love, Assistant Attorney General for the State.*

*John F. Matthews for defendant, appellant.*

PARKER, J. The State's evidence tends to show the following facts: Defendant and Lillie Cash were married on 7 July 1957. They lived together for about six months, and separated around 15 January 1958. About six weeks after 15 January 1958 defendant's wife saw him on the street, and told him she was pregnant. Defendant asked her what color it was, black or white? That is the only conversation she had with him from the date of separation, until the latter part of November or the first of December 1958. The wife gave birth to a child on 4 October 1958. Defendant is the father of the child. About the last of November or the first of December 1958 defendant came to his wife's house, and looked at the child in a crib. Defendant has provided no support for the child, since his birth. He is regularly employed, and earns about $65.00 a week.

There is no evidence in the record defendant knew or had any notice on the date of the issuance of the warrant, to wit, 3 November 1958, and prior thereto, that his wife had given birth to a live child and the child was living, unless such an inference can be fairly drawn from his wife's telling him on the street she was pregnant some six weeks after their separation on 15 January 1958. It is a fact of common and general knowledge that pregnant women sometimes miscarry, sometimes have stillbirths, and that sometimes children born alive die very shortly after birth. In our opinion, the wife's statement on the street to the defendant about six weeks after their separation on 15 January 1958 that she was pregnant, does not permit the fair inference that defendant knew or had notice on 3 November 1958, the date of issuance of the warrant, and prior thereto, that his wife had given birth to a live child that lived.

In criminal procedure a person can only be punished for an offense he has committed—never for an offense he may commit in the future. "The charge must be supported by the facts as they existed at the time it was formally laid in the court, and cannot be supported by evidence of wilful failure supervening between the time the charge was made and the time of trial—at least, when the trial is had, as it was here, upon the original warrant." *S. v. Summerlin*, 224 N.C. 178, 29 S.E. 2d 462, a case where defendant was charged with wilfully refusing to provide support for his bastard child.

In a prosecution under G.S. 14-322 the failure by a defendant to provide adequate support for his child must be wilful, that is, he intentionally and without just cause or excuse does not provide adequate support for his child according to his means and station in life, and

this essential element of the offense must be alleged and proved. *S. v. Lucas*, 242 N.C. 84, 86 S.E. 2d 770; *S. v. Carson*, 228 N.C. 151, 44 S.E. 2d 721; *Hyder v. Hyder*, 215 N.C. 239, 1 S.E. 2d 540; *S. v. Johnson*, 194 N.C. 378, 139 S.E. 697; *S. v. Smith*, 164 N.C. 475, 79 S.E. 979.

Defendant's assignment of error to the failure of the trial court to allow his motion for judgment of nonsuit made at the close of the State's evidence—the defendant offered none—is sustained, for the reason that while the State has offered evidence tending to show that defendant is the father of the child, which his wife gave birth to on 4 October 1958, the State has introduced no evidence, so far as the record shows, nor is there an inference to be fairly deduced from the evidence offered, tending to show that defendant wilfully neglected and refused to provide adequate support for his child, in that there is no evidence in the record, nor any inference to be fairly drawn from the evidence offered, tending to show that on the date of the issuance of the original warrant, to wit, on 3 November 1958, and prior thereto, defendant had any knowledge or notice of the birth and existence of his child. *S. v. Summerlin, supra.*

G.S. 14-322 provides that the wilful neglect or refusal of a father to provide adequate support for his child or children constitutes "a continuing offense and shall not be barred by any statute of limitations until the youngest living child shall arrive at the age of eighteen (18) years."

It is to be clearly understood that in our consideration of the evidence on the motion for judgment of nonsuit, we have no opinion, and have expressed none, as to whether defendant is the father of Addie Allen Hall or has wilfully neglected and refused to provide adequate support for him. That question is for another day and another forum, if the State decides to proceed further.

The manifest error as to the date of the offense alleged in the original warrant and the amended warrant demonstrates the necessity for the exercise of care in the drawing and amending of warrants. As to this error, see G.S. 15-155.

Reversed.

HIGGINS, J., not sitting.