STATE OF NORTH CAROLINA v. GRADY McMILLAN

No. 7112SC87

(Filed 31 March 1971)

1. **Parent and Child § 9— nonsupport prosecution — sufficiency of evidence**
   The defendant in a nonsupport prosecution was entitled to judgment as of nonsuit where the State did not offer any evidence that the defendant wilfully or intentionally failed to support his children. G.S. 14-323.

2. **Parent and Child § 9— nonsupport prosecution — excessive sentence**
   Sentence of eighteen months' imprisonment that was imposed upon defendant's first conviction of failure to support his children, *held* excessive. G.S. 14-322.

3. **Parent and Child § 9— nonsupport of children — continuing offense — statute of limitations**
   A parent's wilful failure to provide adequate support for his children is a continuing offense, which is not barred by any statute of limitations until the youngest child reaches the age of eighteen.

APPEAL by defendant, Grady McMillan, from *Blount, Superior Court Judge,* 28 September 1970 Session of CUMBERLAND Superior Court.

This is a criminal prosecution on a warrant charging the defendant, an indigent, with wilful failure to provide adequate

support for his five children, in violation of G.S. 14-322, a misdemeanor.

On the defendant's plea of not guilty in the superior court, the State offered evidence tending to show the following facts: The five children named in the warrant, ranging in age from four to fourteen years when the warrant was issued on 28 January 1970, were born of the marriage union between the defendant and Caroline Dudley McMillan. The children went to live with their maternal aunt, Mrs. Maggie McLeod, at 711 Commerce Street, Fayetteville, North Carolina, when their mother became ill and was hospitalized in January 1967. The mother died and all of the children were still with their aunt at the time of the trial in the superior court, except there was some evidence that the youngest child was staying with the wife of an older brother. Although the defendant had been requested to aid in the support of the children, he had given only $28.00 to Mrs. McLeod during all the time that the children had lived in her home. The Cumberland County Department of Social Services was contributing to the support of all five children on 28 January 1970.

The jury found the defendant guilty as charged, and from a judgment of imprisonment of eighteen months, suspended on condition that the defendant contribute $25.00 each week for the support of his children named in the warrant, the defendant appealed to the North Carolina Court of Appeals.

*Attorney General Robert Morgan and Staff Attorney L. Philip Covington for the State.*

*Marion C. George, Jr., for defendant appellant.*

HEDRICK, Judge.

[1] The defendant contends that when the evidence is considered in the light most favorable to the State it fails to disclose that his failure to adequately support his five children was wilful, and that his motion for judgment as of nonsuit ought to have been allowed.

In *State v. Hall*, 251 N.C. 211, 110 S.E. 2d 868 (1959), Parker, J., later C.J., stated:

"In a prosecution under G.S. 14-322 the failure by a defendant to provide adequate support for his child must be wilful, that is, he intentionally and without just cause or excuse

State v. McMillan

does not provide adequate support for his child according to his means and station in life, and this essential element of the offense must be alleged and proved."

In the instant case there is not one scintilla of evidence in the record that the defendant is employed, or that he owns any property, or has any income or any ability whatsoever to contribute to the support of his children; nor is there any evidence that the defendant has failed to apply himself to some honest calling for the support of himself and family, or that he is a frequenter of drinking houses, or is a known common drunkard, so as to bring the case within the presumption raised by G.S. 14-323. The record is devoid of evidence from which the jury might infer that the defendant wilfully or intentionally failed to discharge his obligation to support his children. The defendant's motion for judgment as of nonsuit should have been allowed.

[2] Another serious error appears on the face of the record. The judgment appealed from imposed a jail sentence of eighteen months. G.S. 14-322 provides for the first violation of the statute a fine not exceeding five hundred dollars or imprisonment not exceeding six months, or both, in the discretion of the court.

[3] Since a parent's wilful failure or refusal to provide adequate support for his children is a continuing offense, and is not barred by any statute of limitations until the youngest child shall have reached the age of eighteen years, the State may, if it is so advised, institute another prosecution of the defendant. The judgment appealed from is reversed.

Reversed.

Judges CAMPBELL and BRITT concur.