State v. Smith

STATE OF NORTH CAROLINA v. ALBERT NORFLEET SMITH, JR.

No. 7315SC352

(Filed 23 May 1973)

**Parent and Child § 9— prosecution for wilful refusal to provide adequate child support — compliance with child support order — nonsuit required**

In a prosecution against defendant for wilful neglect or refusal to provide adequate support for his children, the trial court erred in submitting the case to the jury where the evidence tended to show that defendant at all times was in compliance with a child support order of a court of competent jurisdiction, since it was presumed that, absent a reversal on appeal or a later modification upon appropriate application and showing in the trial court, the order provided for adequate support for defendant's children.

APPEAL by defendant from *Cooper, Judge,* 20 November 1972 Session of Superior Court held in CHATHAM County.

Defendant was charged in a warrant, issued 10 October 1972, with the wilful neglect or refusal to provide adequate support for his four children. Defendant was found guilty in District Court in Chatham County, and appealed to the Superior Court for trial *de novo.*

The State's evidence tended to show the following: Defendant and the prosecuting witness were married to each other in 1958 and that four children were born of the marriage. At some time prior to 14 December 1970, defendant and the prosecuting witness separated; and at some time since 14 December 1970, a decree of absolute divorce has been entered. On 14 December 1970 an order was entered by a district court judge in Randolph County requiring defendant, among other things, to pay to the clerk of court in Randolph County the sum of $200.00 per month for the support and maintenance of his four children. At the time of the issuance of the warrant in this case and at all times up to the trial, defendant was making payments under the district court order entered in Randolph County.

The State undertook to show a change in the circumstances of the prosecuting witness since the entry of the December 1970 district court order in Randolph County. Under the instructions of the trial court, the jury found defendant guilty of wilfully neglecting or refusing to provide adequate support for his four children. Defendant was sentenced to a term of six months in the county jail. The sentence was suspended for five years upon conditions which included the condition that he pay to the clerk of court of Chatham County the sum of $275.00 per month for the use and benefit of the prosecuting witness.

Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Cole, for the State.*

*Boyce, Mitchell, Burns & Smith, by Ben F. Clifton, Jr., for the defendant.*

BROCK, Judge.

Defendant assigns as error that the trial court failed to allow his motion for nonsuit made at the close of the State's evidence and renewed at the close of all the evidence. We think this assignment of error has merit.

"In a prosecution under G.S. 14-322 the failure by a defendant to provide adequate support for his child must be wilful, that is, he intentionally and without just cause or excuse does not provide adequate support for his child according to his means and station in life, and this essential element of the offense must be alleged and proved." *State v. Hall,* 251 N.C.

211, 110 S.E. 2d 868. It has been perfectly clear for many years that evidence of *wilfulness* is necessary to support a conviction under G.S. 14-322. 6 Strong, N. C. Index 2d, Parent and Child, § 9, p. 172.

The evidence in the case under consideration shows that the defendant was ordered by the district court in Randolph County, in the civil action: (1) to pay $200.00 per month for the support of his children; (2) to carry hospitalization insurance for the benefit of the children; (3) to pay insurance premiums and property taxes on the residence occupied by the prosecuting witness and the children; (4) to allow exclusive possession by the prosecuting witness, for the benefit of the prosecuting witness and the children, of defendant's 1969 Ford LTD Station Wagon; (5) to allow exclusive possession by the prosecuting witness of the residence for the benefit of the prosecuting witness and the children; and to do other things solely for the benefit of the prosecuting witness. The Randolph County order was entered 14 December 1970, and its provisions with respect to the children remain unchanged. Absent a reversal on appeal, or a later modification upon appropriate application and showing in the trial court, it is presumed that the Randolph County order provides for adequate support for defendant's children. The State's evidence shows that defendant is complying with the Randolph County order, although there is some inconclusive evidence tending to show that defendant's payments were late on several occasions.

It seems unconscionable to us that a jury should be left free to find a father guilty of the criminal offense of wilfully failing to provide adequate support for his children when all of the evidence shows that he is complying in good faith with an order of a court of competent jurisdiction by making the payments which that court adjudged and decreed that he should make. *See* Annot., 73 ALR 2d 960 (1960).

Defendant's motion for judgment of nonsuit at the close of the State's evidence should have been allowed.

We note that his honor erred also in the provisions of the suspended sentence. The judgment appealed from provides that defendant shall pay $275.00 per month for the use and benefit of Priscilla Smith, defendant's wife. If defendant had been

properly convicted, the payments should have been directed to be made for the use and benefit of his children.

Reversed.

Judges BRITT and BALEY concur.